OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
This appeal is so totally devoid of merit that to label it as frivolous may be a euphemism.
The sole issue before the deputy commissioner concerned the reasonableness of certain charges for medicines prescribed for claimant. The carrier, correctly asserting that its obligation to pay for medicines was limited to the customary and reasonable charges for like medicines in the community, Section 440.13(3)(a), Florida Statutes (1979), refused to pay for that part of the cost of medicines which it felt to be in excess of the statutory standard. This was a valid issue, and the carrier had the right, if not the duty, to raise it.
At hearing, however, the evidence failed to sustain the carrier’s position. A practicing physician and a pharmacist, called by claimant as witnesses, each testified to the effect that the charges for the claimant’s medical prescriptions were customary and reasonable in the community. There was no direct evidence to the contrary, the two witnesses called by the carrier each testifying that he was unaware of the customary and reasonable charges in the community for medicines of like kind as that prescribed for claimant. The reasonableness of the charges for the medication was a pure fact issue, and on this evidence the deputy commissioner quite properly found that the carrier was not justified in its refusal to pay the full amount of the charges which claimant had incurred for purchase of the medicines prescribed for him.
Undaunted, the carrier appealed, the sole thrust of its appeal being that this Court should decide that the deputy commissioner erred in finding the prescription charges to be customary and reasonable in the community. Essentially, Appellant simply asks this Court to overturn a factual finding of the deputy commissioner, which finding is not only fully supported by competent, substantial evidence, but as to which there is no evidence to the contrary. We can see no justification for the filing of this appeal, doomed to failure from its inception, as it were.[1]
The judicial system of this state, already overburdened, should not be further burdened by the filing of frivolous appeals. Within the recent past, the number of such have proliferated, particularly in the area of workers’ compensation cases. This case, which otherwise would not merit a written opinion, should serve as fair warning that the practice of filing frivolous appeals is censured and can be expected to result in appropriate sanctions being imposed upon the appellant and appellant’s counsel[2] guilty of such practice.
AFFIRMED.
SMITH and McCORD, JJ., concur.

. Perhaps no principle of appellate review is more universally followed than that which proscribes an appellate court from substituting its judgment for that of the trier of fact on factual issues supported by competent, substantial evidence. See 3 Fla.Jur.2d, Appellate Review, §§ 346, 347.

. We remind that counsel, whose signature on the brief is the equivalent of certification to the Court that the issue raised has at least arguable merit, must share the responsibility.