442 So.2d 1026 (1983)
Helen SWANIGAN, Appellant,
v.
DOBBS HOUSE and American Motorists Insurance Co., Appellees.
No. AQ-377.
District Court of Appeal of Florida, First District.
December 2, 1983.
*1027 Irvin A. Meyers and Sherry L. Davis, of Meyers & Mooney, Orlando, for appellant.
Robert A. Donahue, of Cooper & Rissman, Orlando, for appellees.
PER CURIAM.
Ordinarily, that single word would reflect our disposition of this appeal. Because we find this court reviewing more and more needless appeals presenting similar points for review, however, it seems appropriate to comment on a recurrent error by appellate attorneys stemming from an apparent misconception of the purpose and limited scope of appellate review.
We begin our discussion by quoting the appellant's point on appeal:
The deputy commissioner erred in finding that the claimant was not entitled to permanent total disability benefits or permanent partial disability benefits in excess of the 15% rating accepted by the employer/carrier as there is competent, substantial evidence in the record to support a showing of change of condition as required by Florida law as a basis for a modification. (emphasis added).
Appellant then argues  rather ably, we note  that there is competent, substantial evidence in the record to support her claim for modification of worker's compensation benefits. That being so, appellant asks us to reverse the deputy commissioner's order denying modification. The point on appeal, however, as stated by appellant, is self-defeating under applicable standards of appellate review. We do not review whether there was competent, substantial evidence to support the claim disallowed by the deputy; we only review whether the record contains competent, substantial evidence to support the deputy's order.
We can readily concede, as argued by appellant, that the record contains competent, substantial evidence to support her claim for modification. Unfortunately, however, the record likewise contains competent, substantial evidence that supports the deputy's findings and order denying her claim. Factually, this case could have been decided either way, depending on the testimony and evidence accepted and believed by the deputy. The issues presented and decided by him were essentially factual. We do not retry the claim at the appellate level and substitute our judgment for that of the deputy on factual issues supported by competent, substantial evidence, and appeals asking us to do so are frivolous. Catron Beverages, Inc. v. Maynard, 395 So.2d 261, 262 (Fla. 1st DCA 1981). See also, Redding v. Cobia Boat Co., 389 So.2d 1003, 1004 (Fla. 1980); Croft v. Pinkerton-Hayes Lumber Co., 386 So.2d 535, 536 (Fla. 1980).
We suggest that a convenient and practical means for avoiding this common error is to state, at the outset of each point argued, the legal standard for appellate review relied upon for reversal, i.e., lack of competent, substantial evidence to support the order rendered, abuse of discretion, erroneous application of a rule of law, etc. The argument should then demonstrate not only the existence of the error complained of, but why that error requires reversal under the applicable standard of appellate review. By thus limiting the points on *1028 appeal to arguments within the proper scope of appellate review, counsel will avoid frivolous appeals and may well benefit from the more convincing form of argument directed specifically at why this appellate court can and should grant the relief requested.
WENTWORTH, NIMMONS and ZEHMER, JJ., concur.