443 So.2d 354 (1983)
NATIONAL DISTILLERS and Aetna Casualty & Surety Co., Appellants,
v.
Richard GUTHRIE, Appellee.
No. AS-341.
District Court of Appeal of Florida, First District.
December 29, 1983.
Rehearing Denied January 24, 1984.
*355 F. Bradley Hassell, of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellants.
Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
WENTWORTH, Judge.
The employer and carrier (e/c) appeal an order entered April 1, 1983, awarding the currently employed claimant wage loss benefits for two months in which he received zero or reduced wages subsequent to a month in which his income greatly exceeded his compensation rate. We conclude that the causal relation issue is controlled by Regency Inn v. Johnson, 422 So.2d 870, 879 (Fla. 1st DCA 1982), and find no authority for the e/c's alternate theory, discussed more fully below.
Claimant was employed as a regional supervisor, earning an average weekly wage of $636.25, when he suffered a compensable accident in November 1979. After recovery claimant reactivated his real estate license and worked as a realtor. The e/c paid total wage loss benefits from the date of maximum medical improvement through October 1982. In November 1982, claimant earned a commission of $6,250.00 and did not file a wage loss claim for that month. In December claimant had no income, and in January 1983 he earned $1500. The e/c controverted the claims for wage loss benefits for December and January, and appeal the order awarding those benefits.
The e/c defended the claim in part on the ground that the claimant's reduction in wages for December and January was not caused by his accident but was the result of the "nature of the real estate business." However, it is clear that claimant suffered a change in employment status due to his industrial injury. He no longer holds the regular income job that he had with employer, and the e/c have never contended that claimant's attempt to work was not in good faith or that he should have sought other employment commensurate with his abilities. Instead, claimant's good faith attempt to earn a living is clear and uncontested. Therefore, under Regency Inn, supra, claimant's prima facie entitlement to properly computed wage loss benefits was established.[1]
The e/c also argued that claimant's earnings for November and January should have been added and the sum averaged over the three month period in question. Application of the proposed formula in this case would have resulted in no entitlement to wage loss benefits for November through January.[2] Appellants contend that computation of wage loss on a strictly month by month basis, without consideration of a claimant's actual earnings over a period of time, may result in an inaccurate picture of a claimant's "earning capacity."
If we assume, as discussed infra, that no issue was properly presented below as to the accuracy of claimant's attribution of earnings to the month in which received, appellants' argument has infirmities. While earning capacity was the critical issue in pre-1979 proceedings for the purpose of determining entitlement to permanent benefits greater than those provided for permanent impairment alone, the current statutes require computation of actual compensable wage loss each month, absent *356 which a permanently partially disabled claimant will receive no benefits for that month regardless of the extent of physical impairment. Since the explicit terms of the statute require entitlement to be determined monthly, any proposals for alternative methods of computation to cover situations involving erratic income are more properly to be addressed to the legislature.
We do not, however, urge any necessity for reconsideration of the wage loss formula on that ground, since a careful reading of § 440.15(3)(b) shows that the comparison to be made is between an employee's pre-injury average monthly wage and the salary and other remuneration the employee is "able to earn" after reaching maximum medical improvement "as compared on a monthly basis." Thus, the relevant question is what was earned during any month for which benefits are claimed, and that amount would not necessarily be the same as income received during that month.
In the present case, however, there is no evidence that the claimant earned his commissions over any time other than the months in which they were paid. Claimant was therefore properly awarded wage loss for the months in which he showed inability to earn remuneration equal to that to which the statutory formula entitled him.
Affirmed.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Appellants have not raised, and we do not address, any issue regarding the 1983 amendment to § 440.15(3)(b)2, enacted after the final hearing below.
[2] We note that the e/c voluntarily paid wage loss benefits for the month of February 1983 based on their theory that by that time there was no longer any "carry-over" from the combination of the November and January earnings.