NIMMONS, Judge.
Miller appeals from an order of the deputy commissioner denying wage loss benefits. We affirm on the grounds that Miller failed to show that his inability to obtain employment was “due to physical limitation related to his accident and not because of economic conditions or the unavailability of employment” as required by Section 440.15(3)(b)2, Florida Statutes (1983). The work search evidence presented by the claimant showed only that the prospective employers contacted by the claimant were not hiring. Unlike the situation in the recent case of City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), there is no indication from the record that the claimant’s physical impairment was a factor in his rejection by such employers.
Also without merit are the appellant’s assertions (1) that the deputy erred in applying the 1983 amendment (Chapter 83-305, Laws of Florida) of Section 440.-15(3)(b)2 to the instant case which involves a 1981 accident, see City of Clermont v. Rumph, supra; and (2) that Section 440.-15(3)(b)2, being procedural in nature, imper-missibly encroaches upon the Florida Supreme Court’s rule-making authority, cf. Farrell v. Amica Mutual Insurance Co., 361 So.2d 408 (Fla.1978).
AFFIRMED,
ERVIN, C.J., and JOANOS, J., concur.