473 So.2d 806 (1985)
National Distillers and Aetna Casualty & Surety Co., Appellants,
v.
Richard Guthrie, Appellee.
Nos. BD-232, BA-376.
District Court of Appeal of Florida, First District.
August 8, 1985.
*807 F. Bradley Hassell of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellants.
Bill McCabe of Shepherd, McCabe & Cooley, and Edward Hurt, of Hurt, Parrish & Dalton, Orlando, for appellee.
ZEHMER, Judge.
National Distillers and its workers' compensation carrier appeal two orders, entered June 19 and October 17, 1984, awarding claimant wage-loss benefits for several months during which he received no income from his employment as a real estate salesman. In several other months during the same year, claimant received commissions from real estate closings that greatly exceeded his average weekly wage rate. The employer and carrier raise two points: (1) Any lack of income in a particular month was not causally related to claimant's industrial injury and resulting disabilities; (2) Commissions paid at closing in any one month resulted from efforts expended over a number of months, so that all commissions should be deemed to have been earned over that extended period rather than in the particular months in which they were received. We affirm.
The employer and carrier previously appealed an order that awarded claimant wage-loss benefits for two months under very similar circumstances. National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1983). In that case the wage-loss claim was defended in part on grounds that claimant's reduction in wages was not caused by his disabling injuries, but was the result of the "nature of the real estate business" which claimant had voluntarily undertaken. We approved the wage-loss award, holding that claimant's change in employment status was due to his industrial injury and that the question of causal relationship between the compensable injury and loss of wages was controlled by Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982).
Section 440.15(3)(b)2, Florida Statutes (1984 Supp.) (as amended by chapter 83-505, Laws of Florida), became effective June 30, 1983, and provides in part:
It shall also be the burden of the employee to show that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident is due to physical limitation related to his accident and not because of economic conditions or the unavailability of employment.
Prior to this amendment, a claimant could establish a prima facie case that a reduction in earnings resulted from an industrial accident by showing a change in employment status due to a compensable injury and that he had engaged in an adequate and good faith attempt to secure employment commensurate with his abilities. Regency Inn v. Johnson, 422 So.2d 870. Construing the 1983 amendment to section 440.15(3)(b)2, we held in City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), that the burden on the claimant is now "to present evidence, by job search when appropriate, which reasonably permits a conclusion that the compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss." 450 So.2d at 576. That amendment is procedural in nature and is applicable to determination of the wage loss issue on this appeal. City of Clermont v. Rumph, 450 So.2d 573; Miller v. Leon County Board of County Commissioners, 453 So.2d 492 (Fla. 1st DCA 1984).
The employer and carrier first argue that, since Regency Inn no longer applies in determining causal relationship, claimant failed to meet the more stringent burden of proof required by the amended statute as construed in City of Clermont v. Rumph. We conclude, however, that the evidence in the record was sufficient to establish the necessary causal relationship.
Claimant's initial burden under section 440.15(3)(b)2, as amended, was to present evidence which reasonably permitted the conclusion that claimant's physical limitation was an element in the causal chain resulting in or contributing to his wage loss. We note that the employer and carrier *808 assisted claimant through rehabilitation benefits to train for the real estate job he now holds. We discussed at length in the first Guthrie opinion that claimant's industrial injury caused his displacement from his former employment, which had provided him a regular monthly income, because his compensable injuries left him incapable of performing his prior job. That fact has not changed. Claimant's continued good faith attempt to earn a living as a real estate salesman was not disputed. Thus, claimant's employment in the real estate business remained directly attributable to his compensable disability, and claimant's active pursuit of this new vocation supported the finding that his physical limitation was a contributing cause of his loss of income during certain months of the year. Carpenter's RV Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984). We hold that claimant, having established that his new vocation was attributable to his compensable injury, was not required to establish by additional evidence that a loss of earnings in a particular month was the direct result of his physical disabilities so long as he continued to diligently pursue his new occupation in the real estate business.
The more critical question raised by appellants is whether claimant's real estate commission income should be treated as earned over the several months that he worked on a particular transaction, rather than placing all income from the commission in the month of its actual receipt. The answer to this question rests primarily on the interpretation to be given the word "earn" as used in section 440.15(3)(b)2. Does the term contemplate constructive receipt of income subject to perfection or vesting of a right to receive income at some time in the future, or does it mean the actual receipt of income? The employer and carrier's argument requires the former interpretation. Having in mind the intent and purpose of the wage-loss statute, we conclude that "earned" must be given the latter interpretation. The workers' compensation statute is designed to replace actual wages which an injured employee formerly received but later lost by reason of a compensable injury. The wage-loss provisions are designed to replace lost income needed to support the necessities required by claimant and his dependents. It would not be consistent with the act's purposes to construe "earn" to mean mere constructive receipt of income through the perfecting or vesting of a right to payment in the future without regard to the date of actual receipt. Moreover, claimant testified, and the deputy so found, that claimant's right to receive payment of commissions was not determined until the transaction actually closed. We hold, therefore, that the deputy was entirely correct in ruling that claimant's commission income must be allocated to the month in which it was actually received. The deputy's ruling is consistent with the statute's purpose and is supported by competent, substantial evidence.
We have not overlooked the apparent anomaly of permitting this claimant to receive wage-loss benefits for certain months during the year even though his total earnings from commissions for any given twelve-month period may well exceed the level of his annual income prior to his injury. The statutory scheme, however, provides for the determination of wage loss on a month-to-month basis in which each month constitutes a separate claim. E.g., Regency Inn v. Johnson, 422 So.2d 870, 881 (Fla. 1st DCA 1982). No doubt, when the statute was drafted, it was not perceived that this anomalous situation might occur. It is not within our province, however, to undertake a revision of the statute to deal with this unique issue. Any change in the wage-loss statute to avoid this result is likely to have far-reaching effects on the wage-loss scheme generally; therefore, that task is more properly left to the legislature. See National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1984); Regency Inn v. Johnson, 422 So.2d at 876, n. 3.
AFFIRMED.
*809 WENTWORTH, J., concurs.
NIMMONS, J., concurs specially.
NIMMONS, Judge, specially concurring.
I concur in the court's affirmance of the order appealed. I also concur with the court's rationale set forth in the opinion except as to that portion which holds that the amounts "earned," within the meaning of the wage-loss provisions, necessarily means income received during the applicable month. This is contrary to what this court, indeed this very panel, said when these parties were previously before us in National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1984):
[A] careful reading of § 440.15(3)(b) shows that the comparison to be made is between an employee's pre-injury average monthly wage and the salary and other remuneration the employee is "able to earn" after reaching maximum medical improvement "as compared on a monthly basis." Thus, the relevant question is what was earned during any month for which benefits are claimed, and that amount would not necessarily be the same as income received during that month.
In the present case, however, there is no evidence that the claimant earned his commissions over any time other than the months in which they were paid. (emphasis in original)
Id. at 356. Nevertheless, I concur in the court's affirmance on this point because there is insufficient evidence in the record to show what work the claimant did in the months prior to closing so as to enable the trier of fact to allocate appropriate portions of the commissions to the months in which they were earned.