THOMPSON, Judge.
Claimant appeals a compensation order denying wage-loss benefits. We affirm.
This is another case where the sole question involved is whether there is competent substantial evidence to support the ruling of the deputy commissioner (deputy). As this court pointed out in Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983): “We do not review whether there was competent, substantial evidence to support the claim disallowed by the deputy; we only review whether the record contains competent, substantial evidence to support the deputy’s order.” (Emphasis by the court.) In the instant case not some but all of the competent substantial evidence, including that offered by the claimant, supports the deputy’s ruling.
In his ruling the deputy correctly distinguishes the cases relied upon in the *548 dissent because the injuries to those claimants were contributing factors in the wage-loss claims. National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1984); National Distillers v. Guthrie, 473 So.2d 806 (Fla. 1st DCA 1985), and Carpenters R. V. Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984) all involved an order of the deputy finding that the claimant’s compen-sable physical limitation was a contributing causative factor in the wage-loss claimed. There was competent substantial evidence to support the deputy’s rulings in these cases. In the instant case the evidence showed, and the deputy found, that the claimant’s wage-loss was due solely to the lack of tourists during the winter season, an economic factor in no way causally connected to the claimant's injury. The claimant admitted on cross examination that the lack of winter tourists was the sole cause of his wage-loss. The deputy’s finding of no causal connection between the claimant’s wage-loss and his compensable injury is fully supported by competent substantial evidence, including the testimony of the claimant.
The deputy did not specifically rule on the question whether the claimant had any permanent impairment, but such a ruling is unnecessary in view of the determination that there was no causal connection between claimant’s compensable accident and the wage-loss sustained. Regardless of whether claimant sustained a permanent impairment, no wage-loss would be due if it were not causally connected to the claimant’s compensable injury. The deputy did state in his order that he had advised the parties that it would be necessary to rede-pose Dr. Cameron on the issue of permanent impairment in accordance with the AMA Guides, and that the claimant’s attorney had declined to redepose Dr. Cameron. The deputy further found that, although Dr. Cameron determined claimant had reached maximum medical improvement with a five percent permanent partial impairment of the body as a whole, such impairment was based on subjective complaints and it was doubtful that the claimant had met the threshold requirements to establish permanent impairment under § 440.15(3)(b)l, Fla.Stat. These findings are supported by competent substantial evidence. Indeed, Dr. Cameron testified that while he did not agree with the AMA Guides, the type of injury sustained by the claimant was covered by the AMA Guides and claimant’s permanent impairment rating under the AMA Guides would be zero. The burden of proving permanent impairment was on the claimant. He failed to carry his burden even after the deputy had suggested that his proof was insufficient and had given him an opportunity to adduce additional evidence on the question.
The law and evidence support the deputy’s order, and it is AFFIRMED.
SHIVERS, J., concurs.
ERVIN, J., dissents.