ON REHEARING
In his motion for rehearing appellant appears to suggest that National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1983); National Distillers v. Guthrie, 473 So.2d 806 (Fla. 1st DCA 1985); and Carpenters R.V. Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984) hold that once the employer and carrier (E/C) have provided rehabilitative training in a new occupation for the claimant they are thereafter guarantors that the claimant will be employed in that occupation at not less than his prior salary or that he will be entitled to wage-loss benefits if his wages are not equal to or greater than his prior wages.
Under present case law the deputy commissioner (deputy) or the claimant with the deputy’s approval makes the choice of the new occupation for which the claimant is to be trained and the E/C pay the cost of this rehabilitative training. It is not the prerogative of the E/C to determine the new occupation for which the claimant will be trained, for obvious reasons. However if the E/C are going to be the guarantor of the results of the rehabilitative training then common sense would dictate that the E/C should have the right to determine the occupation in which the claimant is to be trained. This would not be appropriate because it is preferable that the selection of the new occupation continue to be decided by the deputy with the claimant’s input as in the past with maximum consideration of all factors, and not just certainty of employment upon completion. If, however, the selected occupation does not work out for the claimant after a reasonable good faith effort by the claimant, he should not be able to automatically claim and collect wage-loss for an unlimited time, but should be required to pursue some other reasonable avenue of employment that is suitable for him within his physical and mental qualifications and limitations.
In this case, the claimant selected to be trained as a commercial artist. The E/C paid for this rehabilitative training. The claimant’s problem arose because the type of commercial artist work he has chosen to perform is painting t-shirts and other souvenirs at the north Florida resort area of Pensacola Beach. Such work is clearly seasonal in nature. The record does not disclose the amount of claimant’s earnings during the full summer of 1985, but appellant’s brief does reflect that he earned $1,100 in April, $1,852 in May and $2,210 in June of 1985, a total of $5,162 or almost twice his adjusted pre-accident wages for three months. During the winter months he did not earn as much as he had prior to his compensable accident and he therefore made a claim for wage-loss during these months.
No amount of effort on the claimant’s part will change the seasonal nature of claimant’s tourist-oriented work in Pensacola Beach. This case is not at all like Guthrie or Eckert in which both claimants chose to become real estate salesmen. Their income did fluctuate but in Eckert’s case it had been generally increasing as he gained experience and knowledge in the real estate business and the same could be expected of Guthrie. Their work was not seasonal and was in no way affected by the winter season every year. Cuccarollo’s income was not merely affected by the season, it was very substantially reduced and *552 was as low as $27 in one winter month, whereas during the summer months it admittedly was substantially higher than his prior income. There is absolutely nothing the claimant can do about this if he continues to work as a commercial artist painting t-shirts at a north Florida beach resort. The E/C had no control over the occupation which was selected by the claimant. If the claimant selects seasonal type employment after that training, the E/C should not be liable for wage-loss in the winter months every year as a result of the seasonal nature of his occupation. Neither Guthrie nor Eckert so hold. If the claimant sustained a compensable injury in his present job, his average weekly wage would be determined by his average weekly wage for the past 52 weeks, not 13 weeks as is normally done. Section 440.14(l)(c), Fla. Stat. This would not be the case in Guthrie and Eckert.
AFFIRMED.
SHIVERS, J., concurs.
ERVIN, J., dissents with opinion.