ERVIN, Judge,
dissenting.
The majority’s efforts to distinguish this court’s opinions in National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1983) (Guthrie I); National Distillers v. Guthrie, 473 So.2d 806 (Fla. 1st DCA 1985) (Guthrie II); and Carpenters R.V. Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984), from the present case are not in my judgment convincing. In both of the Guthrie cases the employer had argued that claimant’s reduction of income in a particular month was not caused by the claimant’s industrial injury, but was rather the result of the nature of the work required in the claimant’s rehabilitated vocation as a real estate salesman. In Guthrie II, we unequivocally rejected this argument, stating:
We hold that claimant, having established that his new vocation was attributable to his compensable injury, was not required to establish by additional evidence that a loss of earnings in a particular month was the direct result of his physical disabilities so long as he continued to diligently pursue his new vocation in the real estate business.
473 So.2d at 808.
The majority now tells us that the holding in Guthrie is inapplicable to the instant case. One may well ask why? Is it simply because Guthrie was a real estate salesman, and Cuccarollo elected to become a commercial artist? Or is it because the deputy commissioners in Guthrie and Ec-kert approved wage loss awards, while the deputy in the instant case denied the same, thereby making the outcome in a given case dependent upon whatever the deputy determined it to be? Or is one now deemed not to have diligently pursued his new vocation if it is subject to seasonal variations, regardless of how energetically the worker may otherwise apply himself?
The majority states that although Guthrie’s and Eckert’s incomes fluctuated, their work was not seasonal. While this statement may be correct, nothing in those opinions informs us of that as a fact. Nevertheless, even if the incomes of the two real estate salesmen were not subject to seasonal fluctuations, I do not consider that distinction to be material to a determination of Cuccarollo’s entitlement to wage-loss.
My reading of Guthrie I, Guthrie II, and Eckert is that once the antecedent facts are established, i.e., the causal connection between the injury and the change in employment status, the rehabilitation to a new position, etc., it is as a matter of law irrelevant that economic conditions may also have contributed to the loss of income. Under the circumstances here involved, an economic factor, such as the seasonal nature of the claimant’s work, cannot be considered an intervening cause that breaks the causal chain between the industrial injury and the wage-loss claimed.
More than four years ago we stated, in construing the wage loss statute as it then existed (§ 440.15(8)(b)2, Florida Statutes (1979)), that it was not necessary in order *553 to entitle one to wage-loss for such person to present evidence that his refusal for employment was not caused by the unavailability of jobs resulting from economic conditions. Regency Inn v. Johnson, 422 So.2d 870, 879 (Fla. 1st DCA 1982), pet. for rev. den. 431 So.2d 989 (Fla.1983). We later reaffirmed this position in our construction of the 1983 amended statute in City of Clermont v. Rumph, 450 So.2d 573, 576 (Fla. 1st DCA 1984), pet. for rev. den. 458 So.2d 271 (Fla.1984), interpreting the amendment as “precluding an award of wage loss benefits when predicated solely on economic considerations unrelated to a claimant’s physical limitations by ordinary proximate cause standards.” (e.s.) Rumph emphasized that a claimant’s right to wage-loss under the statute did not depend on proof of “after-injury economic conditions.” Id. at 577. See also Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985); Tampa Electric Co. v. Bradshaw, 477. So.2d 624 (Fla. 1st DCA 1985). The Rumph analysis was specifically applied to sustain an award of wage loss benefits in Guthrie II.
Following our decisions in Guthrie II and Eckert, I doubt there can be any serious dispute that claimant established a pri-ma facie case of showing his entitlement to wage-loss. The only real question is whether the employer met its burden of demonstrating that claimant refused work or voluntarily limited his income. The majority holds that it has. I cannot agree. I do not understand Guthrie and Eckert to say that an employer carries its burden by showing only that a claimant’s income is susceptible to seasonal annual changes.[1] If this was the intent of the panel members involved in those cases, it cannot be gleaned from the opinions. Considering myself bound by language which appears free from ambiguity, I would follow the holdings in those cases and reverse the order denying wage-loss.

. The majority states that because the claimant’s work was seasonal in nature, claimant should have his average weekly wage determined by the method prescribed under Section 440.-14(l)(c), Florida Statutes, for seasonal employees. That statute by its terms, however, gives the employee — not the employer — the option of using the alternative method of calculating average weekly wage by the calendar year, as opposed to employing the 13-week period preceding the industrial injury.