PER CURIAM.
We affirm the appealed workers’ eompén-sation order awarding wage loss benefits from September 1, 1989, through July 23, 1991, for the following reasons.
The record contains competent, substantial evidence to establish a causal relationship between Claimant’s loss of earnings from selling automobiles and his compensable injury. See National Distillers v. Guthrie, 473 So.2d 806 (Fla. 1st DCA 1985); National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1983).
Likewise, the record contains competent, substantial evidence to support findings that Claimant’s decrease in income was not solely attributable to economic conditions, and for this reason, among others, the decision in Cuccarollo v. Gulf Coast Building Contractors, 500 So.2d 547 (Fla. 1st DCA 1986), is distinguishable from this case.
*804 The parties agreed that determination of the amounts of wage loss benefits payable to Claimant during the period of the award pursuant to section 440.15(3)(b)l, Florida Statutes (Supp.1988), was to be handled administratively, with any dispute over such calculations to be presented to the judge of compensation claims for resolution; and the judge of compensation claims so treated the matter in her order. The arithmetic calculation of the benefits due for each wage loss period is to be based on the wage loss forms contained in the supplemental record on appeal, as their accuracy is no longer a matter in dispute.
AFFIRMED.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.