# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0099

_____

SBCR, INC. d/b/a SOUTHERN
CONCRETE REPAIR, BITCO
INSURANCE COMPANIES,

    Appellants,

    v.

CALVIN DOSS,

    Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident: July 1, 2009.

August 1, 2019

PER CURIAM.

The Employer/Carrier (E/C) in this workers' compensation case appeal the judge of compensation claims' (JCC's) order awarding Claimant supplemental permanent total disability benefits after the date he reached the age of 62. In the order, the JCC found that, in accordance with section 440.15(1)(f), Florida Statutes (2008), Claimant continued to be entitled to supplemental benefits past the age of 62 because the compensable injury prevented him from working sufficient quarters to be eligible for social security disability benefits. The E/C challenge the JCC's

interpretation of the statute as well as his factual determination. Because no competent substantial evidence (CSE) supports the JCC's finding concerning Claimant's eligibility for social security disability benefits, we reverse on that basis and find it unnecessary to address the statutory interpretation issue.

## Background

The E/C accepted Claimant as permanently totally disabled as a result of his 2009 workplace injury and subsequently paid both permanent total disability (PTD) and supplemental PTD disability benefits under section 440.15(1), Florida Statutes (2009). When Claimant reached the age of 62, the E/C stopped paying supplemental benefits as provided in section 440.15(1)(f). This statutory provision states:

> [S]upplemental payments shall not be paid or payable after the employee attains age 62, regardless of whether the employee has applied for or is eligible to apply for social security benefits under 42 U.S.C. s. 402 or s. 423, *unless the employee is not eligible for social security benefits under 42 U.S.C. s. 402 or s. 423 because the employee's compensable injury has prevented the employee from working sufficient quarters to be eligible for such benefits.*

(Emphasis added). The italicized portion of the statute creates an exception to the general rule that supplemental PTD benefits cease at age 62 without regard to eligibility for either social security retirement benefits (42 U.S.C. § 402) or social security disability benefits (42 U.S.C. § 423). The narrow question for review here is whether Claimant proved the exception to the general rule.

Claimant conceded that he is eligible for social security retirement benefits, but testified that his post-accident application for social security disability benefits was denied because he had not worked enough quarters. He also contended that he would have continued working for this employer but for the injury. The E/C argued below that the exception does not apply because Claimant did not satisfy his burden under the statute.

2

Discussion

We review the JCC's findings of fact for CSE. *See Swanigan v. Dobbs House*, 442 So. 2d 1026, 1027 (Fla. 1st DCA 1983). Here, the JCC found that Claimant is not eligible for social security disability benefits because the compensable injury prevented him from working sufficient quarters. Under the federal statute, insured status for social security disability requires, among other things, that an individual have at least forty quarters of coverage by age 62, and that not less than 20 quarters of this coverage fall within the ten-year (40-quarter) period immediately before the date in which the other requirements are satisfied. *See* 42 U.S.C. §§ 414, 423(b) & (c)(1)(B)(i). Claimant appears to have credit for the minimum forty quarters as he has conceded that he worked enough quarters to qualify for social security retirement benefits. *See* 42 U.S.C. §§ 414(a) and 402(a)(1). However, the E/C argue, and Claimant does not dispute, that disability benefits were denied because Claimant did not work at least 20 quarters during the ten year period as required by 42 U.S.C. § 523(c)(1)(B)(i).

The JCC's finding of ineligibility was based solely on Claimant's testimony that he was told he did not have sufficient quarters to qualify for social security disability and that he would have continued to work for his employer if he had not been injured. Claimant provided no documentation and no details to support these assertions. For example, he did not establish how many quarters he was short, the date of his disability for social security purposes, the date of his application and denial, or the precise dates of the relevant ten-year time period. Nor did Claimant present any evidence to show when he became unable to work as a result of his workplace injury. Although employed by this employer for nine years, Claimant estimated that he worked only about half of each year (apparently due to the availability of work). Before that, he worked jobs with no social security coverage. Thus, even assuming Claimant had provided more detail, given the uncertain and sporadic nature of his employment, it is a matter of speculation whether he would have worked sufficient quarters if the compensable injury had not prevented him from working.

3

Conclusion

Because we find CSE does not support the JCC's factual determination concerning Claimant's ineligibility for social security disability benefits, we REVERSE the order below.

LEWIS, OSTERHAUS, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Pamela J. Cox of Cox & Rouse, P.A., Maitland, for Appellants.

Jonathan B. Israel of Rudolph, Israel and Ellis, P.A. Jacksonville, for Appellee.

4