CARROLL, DONALD K., Judge.
The defendant in an action for a real estate commission has filed a petition for writ of certiorari seeking our review of an order entered by the Circuit Court for Okaloosa County which reversed a judgment of the Small Claims Court of that county rendered in the defendant’s favor.
The sole question presented by the petitioner-defendant for our determination is whether the plaintiff presented sufficient evidence in the said Small Claims Court to sustain his cause of action.
The plaintiff filed his claim in the Small Claims Court against the defendant for a commission in the amount of $113.50 from the sale of real estate to Mr. and Mrs. E. D. Grandstaff on a certain date.
Trial was had before the Small Claims Court, which entered a judgment ruling that the defendant was not indebted to the plaintiff and dismissing the cause without prejudice. This judgment was appealed by the plaintiff to the Circuit Court for Okaloosa County which entered the order that we review in these proceedings, reversing the said judgment, with directions to enter a judgment for the plaintiff,
In the said order the Circuit Court states that it had examined the entire proceedings, including all exhibits and the evidence presented at the trial of the cause, and was of the opinion that the Small Claims Court had erred in denying to the plaintiff the relief sought and in dismissing the action.
We, too, have examined the entire proceedings of the said trial, at which the parties and three other witnesses testified concerning the real estate purchase involved and the events leading up to it. Not only is there a considerable conflict in the testimony but there are many conflicting inferences that may reasonably be drawn from the testimony. The evidence shows that the defendant was a real estate broker and the plaintiff a salesman employed by him. Their testimony was vague and conflicting as to their agreement for commissions on sales, and particularly conflicting as to whether the plaintiff was instrumental in procuring the purchasers who bought the land involved in this dispute.
In such a situation the pivotal questions are: which party had the burden of proof at the trial and who was the trier of the facts. Here, indisputably, the plaintiff had the burden to prove by a preponderance of the evidence the essential allegations of his claim, and the judge of the Small Claims Court of Okaloosa County was sitting without a jury as the trier of the facts.
The rule is well settled in this state that the findings of fact made by a trial judge properly trying a case without a jury are to be treated by an appellate court like such findings made by a chancellor in an equity suit. This rule recognizes the fact that a judge trying a case without a jury hears the testimony of the witness and observes their demeanor and conduct, and is thus in a better position to arrive at true findings of fact than is the appellate court, which is confined in its consideration to the “cold” typewritten transcript prepared by a stenographer. Cf. Cole v. Cole, 130 So.2d 126 (Fla.App.1st, 1961), at page 127.
In entering the order appealed from herein the Circuit Court was sitting *622 as an appellate court and evidently overlooked the above-described limitations upon its reviewing authority. Since we function under the same limitations, we see no proper alternative to letting the Small Claims Court’s findings and judgment stand.
Therefore, the petition for writ of certiorari is granted, the said order of the Circuit Court is quashed, and the cause is remanded with directions to dismiss the certiorari proceedings filed in that court, and for further proceedings leading to the reinstatement of the judgment of the Small Claims Court.
Certiorari is granted and the order quashed.
WIGGINTON, C. J., and JOHNSON, J., concur.