334 So.2d 13 (1976)
Gerald B. SHAW, Petitioner,
v.
Jean A. SHAW, Respondent.
No. 47710.
Supreme Court of Florida.
May 12, 1976.
Rehearing Denied July 16, 1976.
*14 Edward Schroll, Miami, for petitioner.
Milton M. Ferrell, Miami, for respondent.
*15 SUNDBERG, Justice.
This is a petition for writ of certiorari to review a decision of the Third District Court of Appeal reported at 314 So.2d 205, which is asserted to be in conflict with Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972), as well as similar cases which announce the proposition that an appellate court may not substitute its judgment for that of the trial court by re-evaluating the evidence in the cause.[1] Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
In proceedings for dissolution of marriage between petitioner-husband and respondent-wife, in which respondent was the moving party, the trial judge on July 15, 1974, entered an amended final judgment (i) finding that the marriage was irretrievably broken and thereby dissolving the bonds of marriage between the parties; (ii) finding that wife, "although she is in her 49th year and has been married 20 years and has minor children, is capable of supporting herself" and, based upon the financial affidavits of the parties, exhibits admitted into evidence, and the testimony, that the husband could not sustain both households, therefore ordering that the husband pay to the wife rehabilitation alimony in the amount of $50 per week for a period of one year commencing July 1, 1974; (iii) adjudicating that certain savings accounts of the parties belonged to both parties equally and ordering that the accounts be equalized based upon balances as of the date of the final hearing; (iv) granting custody of the two minor children of the parties to the wife with rights of visitation in the husband and ordering the husband to pay to the wife the sum of $30 per week per child until said child reaches majority, marries or becomes self-supporting; (v) granting use and occupancy of the marital home to the wife until the children move out or until she remarries or the children reach their majority provided that the wife should make all payments on the home place, including mortgage payments, taxes, insurance, utilities, and all repairs and maintenance with the stipulation that the home place together with its contents belong to the parties as tenants in common; (vi) providing that all future medical and dental expenses of the children were to be divided equally between the husband and wife; (vii) providing for transfer by the husband to the wife of title to an automobile in the possession of the wife; and (viii) reserving jurisdiction for costs and assessment, if any, of attorneys' fees, but not retaining jurisdiction for any other purposes.
The evidence at the final hearing upon which the amended final judgment is based was essentially as follows: The 49-year-old wife has a high school education, plus one year of business college. She has also attended court reporting school and has engaged in sales work for less than a year. She has had 16 years of experience in secretarial work, in addition to three years' experience as a legal secretary, plus 10 to 12 years of legal secretarial experience working intermittently for the husband.
The husband is an attorney at law practicing in Miami, Florida. Although his 1973 tax return reflects an adjusted gross income in excess of $30,500, the evidence reflected that, over the past five years, he has realized an average weekly net income of $247.25. As testified by the wife, the parties have lived modestly and "things have been tight from time to time." The home of the parties is modest and has never been fully painted. The husband drives a 1971 Volkswagen, and the wife drives a 1968 Ford. Title to the home place was held by the husband and wife as a tenancy by the entireties.
The marriage produced four children, one of whom is deceased. The oldest child is a male, 19 years of age, and is *16 self-supporting. The remaining two children are daughters, Leslie, age 16, and Julie, age 8.
The marital home was purchased entirely with funds of the husband. The present mortgage payments on the home are $85 per month. The only other assets of the parties were a savings account in the amount of $10,450 held in the name of the husband and a savings account in the sum of $4,500 held in joint name of husband and wife. At the time of commencement of the suit for dissolution of the marriage, the wife withdrew $4,300 from the joint savings account, $1,000 of which she paid to her attorney for his representation in the proceedings.
An employment expert testified at the final hearing. Based upon information related to him concerning the wife's total background, including her education, work experience, physical complaints (which were unsubstantiated by medical testimony), age and current activities, he testified that the wife is employable, that there is work available for her, and that she could earn up to $175 per week. There was also evidence adduced from the wife that on occasions after the separation she attended night art classes at which time the older daughter babysat for the younger.
In reviewing the trial court's amended final judgment in light of the record, the district court concluded that there was no abuse of discretion except (i) in failure of the trial court to reserve jurisdiction so that it might reconsider an extension of alimony in the light of changed circumstances because the wife testified that she was limited in seeking employment due to her responsibilities in caring for the children and also because of a physical problem with her arm; (ii) in adjudicating the wife solely responsible for the mortgage payments, taxes and insurance upon the marital home; and (iii) in requiring the wife to pay one-half of all future medical and dental expenses of the minor children. Accordingly, the district court of appeal modified the amended final judgment to provide for retention of jurisdiction for purposes of entertaining a petition for modification to continue the payments of alimony to her; to require that the husband be solely responsible for all future medical and dental expenses of the minor children; and to require the husband to pay the mortgage payments, taxes and insurance upon the marital home with the proviso that upon the eventual sale thereof the husband shall be entitled to a credit for one-half of such payments.
We concur with the husband that the decision of the district court of appeal in the instant case conflicts with the principles of law enunciated in Westerman v. Shell's City, Inc., supra. It is clear that the function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test, as pointed out in Westerman, supra, is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject "inherently incredible and improbable testimony or evidence,"[2] it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court. The district court in the case at bar found it to be an abuse of the trial court's discretion not to reserve jurisdiction so that the court might reconsider an extension of alimony in the light of changed circumstances. The district court of appeal "deem[ed] it prudent" to make such a *17 reservation in that the wife testified she was limited from seeking employment because of her responsibilities in caring for the children and also because of a physical problem with her arm. As indicated in Elkins v. Elkins, 287 So.2d 119, 120 (3d D.C.A.Fla. 1973), cited by the district court of appeal, "A chancellor is not required as a matter of law to reserve jurisdiction to award periodic alimony in the future, rather it is a matter within his discretion." It appears from the record that the only evidence of the wife's physical problem was her own uncorroborated testimony. It further appears that the wife was content to leave the 8-year-old child in the charge of her 16-year-old sister during nighttime periods when she attended art classes. The trial judge was in a superior position to assess the significance of the wife's asserted physical impairment due to her ability to observe the demeanor of the wife while on the stand. She apparently concluded that neither the asserted physical disability nor responsibility to care for the minor children of the parties would be an impediment to the wife's seeking employment where there was uncontradicted testimony that such employment was available to her. Hence, her conclusion that reservation of jurisdiction to entertain petitions for modification of the alimony award was unnecessary cannot be said to be unsupported by the evidence nor an abuse of discretion. Although the appellate court concluded that it would be "prudent" in its judgment to include such a reservation of jurisdiction, it was not error for the trial court to fail to do so. Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla. 1955).
With respect to mortgage payments, taxes and insurance upon the marital home and payment of future medical and dental expenses of the minor children, the record reflects that the trial judge predicated her decision upon the relative financial resources and earning capacity of the parties in light of the disposition of the parties' assets, including the marital home. The district court of appeal apparently placed substantial weight upon the fact that the husband's 1973 tax return disclosed an adjusted gross income in excess of $30,500. However, the evidence also disclosed that the husband, for the preceding five years, realized an average weekly net income of $247.25. Although the district court of appeal, and even this Court, might honestly strike the financial balance and division of assets between the parties in a different fashion, we do not deem it error or an abuse of discretion for the trial court to arrive at the result it reached.
Accordingly, the petition for writ of certiorari is granted, and the decision of the Third District Court of Appeal is quashed, with instructions to remand to the trial court for reinstatement of the amended final judgment.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS and ENGLAND, JJ., concur.
BOYD and HATCHETT, JJ., dissent.
NOTES
[1] See, e.g., Pope v. O'Brien, 213 So.2d 620 (1st D.C.A.Fla. 1968); Cole v. Cole, 130 So.2d 126 (1st D.C.A.Fla. 1961); and Smith v. State, 118 So.2d 257 (2d D.C.A.Fla. 1960).
[2] Catlett v. Chestnut, 107 Fla. 498, 146 So. 241 (1933); Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930); and World Ins. Co. v. Kincaid, 145 So.2d 268 (1st D.C.A. Fla. 1962), cert. discharged, 157 So.2d 517 (Fla. 1963).