PER CURIAM.
Appellant, the plaintiff below, seeks reversal of a judgment entered on a non-jury trial, whereby the court denied the plaintiff’s claim of loss under a transportation insurance policy issued by defendant.
The period of the coverage was stated in the policy to be “from the time such property leaves the factory, store, or warehouse at initial point of shipment until such property is delivered at its destination, including while in or on docks, wharfs, piers, bulkheads, depots, stations and platforms, while the property is in due course of transit in the custody of a common carrier incidental to transportation”. (Emphasis supplied)
Here the plaintiff instituted transportation of a container in which there were thirty-four amusement machines, intended for export to a purchaser in Japan. The item was carried by truck from plaintiff’s place of business in Dade County to a rail carrier, loaded on a flatcar and transported to Jacksonville. There the item was trucked to a dock in the port of Jacksonville, from which it was to have been loaded upon a vessel for further transportation to Japan. In handling the container at the dock, stevedores permitted it to fall from the truck. Upon an inspection of the merchandise made by a representative of the plaintiff, it was found that no damage to the machines had thereby resulted.
For certain reasons involving the credit status of the intended foreign purchaser, the plaintiff determined that shipment of the merchandise from Jacksonville to Japan would not be made. The plaintiff permitted the container to remain on a dock in Jacksonville for approximately two weeks, while attempting unsuccessfully to obtain another purchaser.1 Decision was then made by plaintiff to have the merchandise returned. Accordingly it was transported *541 by truck in Jacksonville from the dock to a rail carrier and by the latter transported to Dade County. That return transportation involved not more than four days time.
Following return of the merchandise to Dade County, it was found to have been damaged by water. On the machines there was evidence of rust, mildew of upholstery, and substantial water stains which had dried out.
There was no direct evidence as to whether the damage occurred during the time the container was in transit as covered by the policy, or occurred during the above-described period while it remained on the dock in Jacksonville. By the judgment entered, the trial court as trier of the facts could, and no doubt did, conclude the damage to the property that was disclosed upon its return to Dade County was of such nature and extent that more likely it occurred during the extended period while it was on the dock in Jacksonville. During the latter period, after shipment to Japan was terminated, the property was not in transit while it remained on the dock under the control of the plaintiff, awaiting its decision and direction for resumption of transportation to some other destination, if another purchaser was obtained, or otherwise until its return was directed. See 43 Am.Jur., Insurance, Section 322.
It would be inappropriate to re-evaluate the evidence on the record and substitute our judgment for that of the trial court, if we were so inclined, and we are not. See Shaw v. Shaw, 334 So.2d 13, 17 (Fla.1976). The judgment is supported by substantial competent evidence. No reason in law has been shown to disturb the judgment of the trial court.
Affirmed.