DREW (Ret.), Associate Judge.
This interlocutory appeal is taken from a supplemental order to a final judgment dissolving a marriage existing between the petitioner Rose Marie Burch, and her husband, John M. Burch.
The assignments of error present only the questions of whether the trial court abused its discretion in the propriety and amount of the award to the wife of $40.00 per week alimony for a period of three years, and the question of whether the trial court erred in *553 failing to retain jurisdiction over the parties and subject matter for such modifications of the award as might later be justified.
The parties had been married for a period of seventeen years and the wife, at the time of the dissolution, was forty years old; been employed as an airline stewardess in the early years of the marriage but had been unemployed since, except for a short interval in 1972. At the time of the dissolution, the parties had one child aged two years, the custody of whom was awarded to the wife.
Standing alone, we must agree that the award of $40.00 per week where the husband’s income is in excess of $26,000.00 yearly is, indeed, meagre. But such award was only a part of the total picture. In addition to that, the trial court permitted the wife to retain the sum of $18,000.00, which was in a joint account with her husband at the time of the separation, $9,000.00 of which was, admittedly, the property of the husband; directed the husband to pay her $40,000.00 in cash, which was one-half the value of the home of the parties owned by them jointly; awarded the wife an oriental rug, a 1968 Mustang automobile; ordered the husband to pay the wife $60.00 per week for support of the minor child and to keep in full force and effect hospitalization, dental, and major medical insurance for the benefit of the child, and to pay, from time to time, all reasonable and necessary medical, dental, hospital, and prescription pharmaceutical bills incurred on behalf of the child. Invested safely, the amount received in cash by the wife would produce an additional $300.00 to $400.00 monthly, giving the wife a total income [including the child support payments of $60.00 weekly] of about $750.00 per month for three years and over $600.00 per month thereafter.
While we might be of the view that the award of rehabilitative alimony was not proper here and that, if proper, the amount awarded was insufficient, we cannot say that the judgment is not supported by “competent evidence” which is the test laid down by the Supreme Court in Shaw v. Shaw, 334 So.2d 13 (Fla.1976) to overturn the trial court at the appellate level. There, the court said:
* * * * *
“* * * It is clear that the function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through reevaluation of the testimony and evidence from the record on appeal before it. That test, as pointed out in Westerman, supra, [Westerman v. Shell’s City Inc., 265 So.2d 43 (Fla.)], is whether the judgment of the trial court is supported by competent evidence. * * *”
* * He * 5}! *
While we have power under Shaw to reject “inherently incredible and improbable testimony and evidence”, that limitation on our power to review findings of fact of trial judges prevents, in many instances, the correction [as the first reviewing court] of results which might appear to us to be unjust or contrary to the great weight or probative value of the evidence. We are of the view that Shaw prevents a remand of this cause for an increase in the amount of award or to reconsider the question of the propriety of rehabilitative alimony under the facts here. Moreover, Shaw is controlling on the question of reservation of jurisdiction, for there it was said, under very similar facts:
* * * * * *
“* * * Although the appellate court concluded that it would be ‘prudent’ in its judgment to include such a reservation of jurisdiction, it was not error for the trial court to fail to do so. Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla.1955).”
******
Affirmed.