PER CURIAM.
By Appeal No. 78-157, Patrick M. Redmond, one of the defendants below, seeks reversal of an adverse money judgment. By Appeal No. 78-373, Prosper, Inc., the Plaintiff below, contends the court erred in entering judgment in favor of defendant Thomas Redmond.
The action filed by Prosper was for damages for breach of a contract for sale of a restaurant business, by it to defendants. The defendants Patrick and Thomas Redmond answered. They denied the alleged breach of the sales contract, and by counterclaim alleged the plaintiff seller breached the contract, and claimed damages.
The judgment entered on non-jury trial awarded the plaintiff damages against the defendant Patrick Redmond, held that the plaintiff was not entitled to recover from defendant Thomas Redmond, and denied recovery on the defendants’ counterclaim. Those rulings in the judgment were based on findings made by the court that the seller complied with the conditions precedent and was ready, able and willing to perform; that the defendant Patrick Redmond had defaulted the contract; and, on conflicting evidence, that an offer which the seller had made to rescind had been accepted by the defendant, Thomas Redmond. Such findings, which we hold are supported by competent substantial evidence, are not to be disturbed on appeal. Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Burch v. Burch, 352 So.2d 552 (Fla.3d DCA 1977).
The trial court was not shown to have applied a wrong rule as to the damages. The measure used was the excess of the contract sales price over the market value as of the time of the breach, less the amount previously paid. Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 541 (1948); Hutchison v. Tompkins, 259 So.2d 129 (Fla.1972). That was supported by evidence of the amount for which the business subsequently was sold, with testimony relating to the nature of that sale, plus certain opinion evidence with regard to value.
No reversible error having been shown, the judgment is affirmed,