372 So.2d 932 (1979)
COCONUT GROVE MARINE PROPERTIES, INC., et al., Petitioners,
v.
CITY OF MIAMI, Florida, Etc., Respondents.
No. 54667.
Supreme Court of Florida.
June 21, 1979.
Alan G. Greer and Phillip E. Walker, Frates, Floyd, Pearson, Stewart, Richman & Greer, Miami, for petitioners.
George F. Knox, City Atty., John R. Farrell, Sp. Counsel, Michel E. Anderson of Dubbin, Schiff, Berkman & Dubbin, Miami, for respondent.
The Court having accepted jurisdiction and heard argument, and upon further consideration of the matter, we have determined that the Court is without jurisdiction. Therefore, certiorari is denied. [Opinion below: 358 So.2d 1151]
No Motion for Rehearing will be entertained by the Court. See Fla.R.App.P. 9.330(d).
ENGLAND, C.J., and ADKINS, OVERTON, HATCHETT, and ALDERMAN, JJ., concur.
SUNDBERG, J., dissents with an opinion, with which BOYD, J., concurs.
SUNDBERG, Justice, dissenting.
I respectfully dissent. Although the majority denies the petition for certiorari on the ground that we have no jurisdiction, I reach a contrary result.
After recognizing the authority of a municipality to condemn private property for incidental use by private enterprise so long as the predominant purpose is public, the trial court concluded as a matter of fact that the proposed commercial undertaking in the instant case was not primarily for public park and recreation purposes. It was clear that the avowed purpose of the taking was for a public park as demonstrated by (i) the master plan for the project, (ii) the documentation surrounding the "Parks for People" bond issue which funded the condemnation and (iii) the resolution of the Miami City Commission authorizing the project. The trial court weighed the testimony of two planners, Thomas T. Russell who prepared the master plan and Thomas Dunne, an employee of the city, and concluded that the proposal for private commercial activity on the property under consideration by the city did not meet the test *933 of Baycol, Inc. v. Downtown Development Authority of City of Fort Lauderdale, 315 So.2d 451 (Fla. 1975), and Panama City v. State, 93 So.2d 608 (Fla. 1957). The Court simply weighed all the evidence and determined that commercial enterprise, as opposed to public park purposes, was dominant in the proposed use of the property.
The District Court of Appeal, Third District, on the other hand, viewed the same evidence, applied the same legal authorities and concluded that the trial court departed from the essential requirements of law. City of Miami v. Coconut Grove Marine Properties, 358 So.2d 1151, 1155 (Fla.3d DCA 1978). Respectfully, the trial court did not depart from the requirements of law, the district court did. That law is found in Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), and Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972), to cite but several of a plethora of decisions which teach that an appellate court shall not reweigh the evidence before the trial court and substitute its judgment for that of the trier of fact. Although the issue before the trial court was a mixed one of fact and law, its judgment was based upon competent substantial evidence to which were applied the controlling principles of law.
As I read the final judgment of the trial court, the only issue decided was that the proposal was defective and the city was granted the opportunity to modify the proposal and readvertise for bids for a project that would be more in keeping with public park purposes. The petitioners' prayers for injunctive relief and for compensatory damages were denied, each without prejudice. Recognizing the lack of finality in the trial court's judgment, the district court treated the appeal as a petition for certiorari. Believing, as I do, that the district court improperly substituted its judgment for that of the trial court on the issue of predominant public purpose, I would quash the decision of the district court and direct that the judgment of the trial court be reinstated. All other issues visited in the district court opinion are, in my judgment, premature until the trial court should take some further definitive action with regard to damages or injunctive relief.
BOYD, J., concurs.