HUBBART, Judge.
This is an appeal from a final judgment entered in a declaratory judgment action after a non-jury trial in which the trial court declared the rights of the parties with respect to an option to purchase clause in a lease agreement. Specifically, the trial court concluded from the evidence that the plaintiff lessee Rosa Bros., Inc. and the defendant lessee Banner Beef Co. upon exercise of an option to purchase clause in the lease agreement became tenants in common on a respective 44/56 basis. The plaintiff Rosa Bros., Inc. appeals contending that the apportionment of the premises between the parties upon exercise of the option to purchase should have been on a 50/50 basis. We disagree and affirm.
Our review of the final judgment, when compared against the extensive evidence in this record and the briefs of the parties, reveals a reasonable basis for the ruling reached by the trial court. The evidence is admittedly in conflict and is susceptible of contradictory inferences, but the trial court resolved such conflicts and concluded, we believe reasonably, that the parties intended to share the leased premises upon exercising the option to purchase as tenants in common on the same basis that they had previously shared the rent, assessed real estate taxes, insurance coverage, operating and maintenance expenses and rental space upon the leased premises since the inception of the lease in June 1971, to wit: on a 44/56 basis. Indeed, it would make little sense for the parties to take the property on a 50/50 basis when each occupied and ran established businesses on the premises on a 44/56 basis as indicated above.
Although an argument can, and has been ably made by the plaintiff, that the evidence is susceptible of a contrary reasonable inference as to the parties’ intent, we cannot say, as urged by the plaintiff, that such is the only reasonable inference from the evidence. As such, it is not our function to substitute our judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal, and, under the controlling law, we have a duty to affirm the judgment appealed from. Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976); Schwab v. Quitoni, 362 So.2d 297 (Fla.3d DCA 1978); Tyrrell v. Tyrrell, 281 So.2d 221 (Fla.1st DCA 1973); Posner v. Flink, 167 So.2d 259, 262 (Fla.3d DCA 1964).
Affirmed.
BARKDULL, J., dissents.