*118 REVISED OPINION
PER CURIAM.
The trial court order suppressing the defendant’s statements made to the police is affirmed. There is sufficient evidence in this record from which the trial court could have concluded, as it did, see e.g., Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976), that (a) the subject statements were not freely and voluntarily given but were induced by an implied police promise of leniency, see e.g., Brady v. United States, 397 U.S. 742, 754, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970); Bram v. United States, 168 U.S. 532, 543, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897); Williams v. State, 188 So.2d 320, 327-29 (Fla.2d DCA 1966), vacated in part, on other grounds, 198 So.2d 21 (Fla.1967); and (b) the subject statements were obtained in violation of the defendant’s right to counsel guaranteed by the federal and Florida constitutions, see e.g. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), in that the defendant neither expressly nor voluntarily waived his right to counsel during the within police interrogation which was conducted in the absence of the defendant’s court-appointed counsel.
Affirmed.