PER CURIAM.
This is an appeal from a final judgment entered below in an action and counter-suit arising from a dispute over alleged overcharges for natural gas supplied by a gas company (Peoples Gas System, Inc.) to a hotel-consumer (Hotel Ocean 71 Associates, Ltd.). We affirm.
The hotel-consumer sued below to enjoin collection of the alleged overcharges and the gas company counterclaimed for collection of its entire gas bill; the amount in controversy was, by stipulation, placed into the registry of the court by the hotel-consumer pending the outcome of the lawsuit. The basis for contesting the alleged overcharge was the gas company’s purported negligence in giving advices to the hotel-consumer as to repairing, rather than replacing, the hotel’s defective gas-operated, steam boiler — after the hotel’s gas bills began to soar due to the defective boiler. Following a non-jury trial, the court below found for the hotel-consumer and against the gas company on both the main action and counterclaim; the amount deposited in the registry of the court was ordered returned to the hotel-consumer.
The gas company appeals and raises three points for reversal. It is urged, first, that the judgment entered below is beyond the scope of the pleadings. We disagree. The trial court, in the final judgment, specifically found for the hotel-consumer on its injunction count against the gas company and in favor of hotel-consumer on the gas company’s counterclaim for collection on the overcharge. The injunction count alleged negligence against the gas company in giving faulty advices to the hotel-consumer concerning the steam boiler as the basis for resisting collection of the alleged overcharge; the gas company’s counterclaim was resisted on the same basis. The ensuing final judgment in favor of the hotel-consumer on both the injunction count and the counterclaim is therefore plainly within the scope of the pleadings. See Circle Finance Co. v. Peacock 399 So.2d 81, 84 (Fla. 1st DCA), pet. for review denied, 411 So.2d 380 (Fla.1981).
The remaining points on appeal challenge (a) the sufficiency of the evidence to support the judgment and (b) an evidentiary ruling made by the court at trial. There is no merit to either point. Sufficient evidence was adduced below — albeit contradicted in part by other evidence — to support the result reached by the trial court, see Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976); and the trial court committed no reversible error in allowing a witness to refer to certain notes which the witness had prepared prior to trial for the stated purpose of refreshing his recollection. See § 90.613, Fla.Stat. (1983); McCormick On Evidence § 9 (Clearly 3d ed.1984).
Affirmed.