PER CURIAM.
This is an appeal by the defendant/tenant Duncan Duff from (1) an adverse final judgment entered after a non-jury trial in an action for breach of a lease agreement involving certain motel units, and (2) an award of attorney’s fees to the plaintiffilessor as the prevailing party in this action. We affirm.
*241 First, the defendant contends that there is a total absence of substantial competent evidence of a breach of the subject lease. We disagree. Contrary to the defendant’s argument, the lease agreement does not provide that a written notice of a breach must be served on the tenant, and, accordingly, the proof of such written notice was not, as urged, required to establish a breach of the lease agreement — a point which was never raised below by the defendant. There is evidence in this record that the plaintiffdes-sor refused a tender of rental payment by the defendant/tenant for June 1991 because it was not in the amount required by the lease agreement, and that the parties discussed this inadequacy of rental payment at length; no further tender of rental payments was ever made in the case. This was, accordingly, more than sufficient evidence upon which the trial court could find, as it did, that the defendant breached the lease agreement by failing to pay rent. Moreover, there is evidence in this record that there was never any novation of the subject lease agreement. Given this prima facie showing of a breach of the lease agreement for nonpayment of rent, the fact that there is contrary evidence indicating a novation, and thus no breach of the subject lease agreement, cannot change this result. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976).
Second, the defendant contends that there is a complete absence of competent substantial evidence to support the damages awarded in this case. We cannot agree. The lease agreement provided that if, as was shown in this ease, the occupancy rate of the leased motel units was less than 50%, the rental payment due was one-half of the gross rental receipts which would have been generated by an occupancy rate of fifty (50%) percent at commercially reasonable rates. Contrary to the defendant’s argument, there was sufficient evidence adduced below that the reasonable rental rate on the subject five motel units was $39.00 a day — which amounts to a loss of rentals for the balance of the lease equal to the damages awarded by the court. ' Shaw.
Finally, there is no merit to the defendant’s attack on the attorney’s fee award. The final judgment and attorney’s fee order under review are, accordingly, in all respects,
Affirmed.