PER CURIAM.
This is an appeal by the defendant/tenant American Linens, Inc. from an allegedly inadequate final judgment entered in its favor after a nonjury trial in a landlord/tenant dispute. The plaintiff/landlord Venmall International Group brought an action below for breach of a written lease; the defendant/tenant filed a counterclaim for return of its security deposit, civil theft, and breach of contract. The trial court found that the defendant/tenant owed $5,325 in back rent and taxes for breach of an oral lease, but was otherwise entitled to a return of its security deposit totaling $12,834. Accordingly, the trial court entered a final judgment in favor of defendant/tenant for $7,509 plus costs plus interest from the date the judgment. We affirm in part and reverse in part.
First, we reject the defendant/tenant’s argument that the trial court erred in finding that it owed $5,325 in back rent and taxes for breach of an oral lease because such an action was never pled. We disagree because our review of the record discloses that both parties tried the issue of breach of an oral lease by consent. See Fla.R.Civ.P. 1.190(b); Garrett v. Oak Hall Club, 118 So.2d 633, 635 (Fla.1960); Langford v. McCormick, 552 So.2d 964, 967 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 346 (Fla.1990); Maestrelli v. Arrigoni, Inc., 476 So.2d 756, 757 (Fla. 5th *1060 DCA 1985). Moreover, there was ample evidence adduced below that the defendant/tenant refused to pay the July 1992 rent in breach of its oral agreement to do so; we reject the defendant’s contrary argument that there was no oral agreement to that effect. Indeed, a letter from defense counsel to plaintiff was introduced below confirming this oral agreement. Defendant’s exhibit K (“[W]e agreed that my client may remain on the premises and pay $5,000 monthly on the rental ... up until and through July 31, 1992 at which time my client intends to leave the premises.”). This being so, there was substantial competent evidence adduced at trial to support the trial court’s award of $5,000 for the defendant/tenant’s admitted failure to pay for the July 1992 rent; other evidence adduced at trial also supports the defendant/tenant’s obligation to pay $325 in taxes for July 1992, which payment was also not made. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. .1976); Duff v. Marty, 632 So.2d 240, 241 (Fla. 3d DCA 1994); Rosa Bros. Inc. v. Schlossman, 373 So.2d 403, 404 (Fla. 3d DCA 1979).
Second, we reject the defendant/tenant’s argument that the trial court erred in refusing to award damages and attorney’s fees under its civil theft claim. The subject of the civil theft claim was a sign which was originally placed on the property by the plaintiffdandlord’s predecessor in title and was positioned at the entrance of the shopping mall containing the leased premises; the predecessor landlord, as owner, allowed the defendant/tenant to make certain repairs to the sign. When the defendant/tenant vacated the premises, it demanded that the sign be turned over to it, which demand the plaintiffdandlord refused. Because the sign was owned by the plaintiff/landlord as a result of its purchase of the shopping mall from the original owner of the sign and not the defendant/tenant, it is clear that no civil theft was committed in this case. The trial court’s refusal to award damages and attorney’s fees to the defendant/tenant on this claim, albeit on a different theory, was fully supported by the evidence in the record. See § 812.014(1), Fla.Stat. (1991); Menendez v. Beech Acceptance Corp., 521 So.2d 178, 180 (Fla. 3d DCA 1988); see also Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979); In re Yohn’s Estate, 238 So.2d 290, 295 (Fla.1970); Johnson v. Davis, 449 So.2d 344, 347 (Fla. 3d DCA 1984), approved, 480 So.2d 625 (Fla.1985).
Finally, we agree with the defendant/tenant that it was entitled to prejudgment interest on its security deposit claim. Contrary to the plaintifflandlord’s argument, this claim was a liquidated contractual claim which became due when the defendant/tenant demanded the return of its security deposit on July 20, 1992. The fact that the plaintiff/landlord was due $5,000 in back rent and $325 in taxes as an offset from this deposit does not change this result because, as of July 20, 1992, the plaintifflandlord owed the defendant/tenant $12,834 (representing the amount of the security deposit) minus $5,325 (back rent and taxes) — or a total of $7,509. Prejudgment interest on that liquidated amount [$7,509] therefore began to run on July 20, 1992. Young v. Cobbs, 110 So.2d 651, 653 (Fla.1959); Manning v. Clark, 89 So.2d 339 (Fla.1956); Parker v. Brinson Constr. Co., 78 So.2d 873 (Fla.1955).
The final judgment under review is affirmed, save in one respect; prejudgment interest should be assessed on the judgment running from July 20, 1992. The final judgment is therefore reversed in this limited respect, and the cause remanded to the trial court with directions to assess such prejudgment interest.
Affirmed in part; reversed in part and remanded.