695 So.2d 486 (1997)
CITY OF MIAMI, Appellant,
v.
Willie George ROSS, Appellee.
No. 95-2022.
District Court of Appeal of Florida, Third District.
June 11, 1997.
A. Quinn Jones, III, City Attorney, David Forestier, Kathryn S. Pecko, and Theresa L. Girten, Miami, Assistant City Attorneys, for City of Miami.
David M. Shenkman; Sale & Kuehne, and Benedict P. Kuehne, Miami, for Appellee.
Before NESBITT, COPE and GODERICH, JJ.
*487 GODERICH, Judge.
The defendant below, City of Miami [City], appeals a final judgment entered in favor of the plaintiff, Willie George Ross. We affirm.
The plaintiff filed suit against the City for injuries sustained to his finger. The complaint alleged, in part, that
[w]hile in custody, [O]fficer FUENTES commenced a course of conduct to intimidate the Plaintiff. As such, [O]fficer FUENTES seized a set of metal handcuffs and placed them in his hand, raised his hand, and with great force and excessive use of force slammed the Plaintiff's hand causing severe bodily injury.
Although the above allegation indicates that Officer Fuentes acted intentionally, the complaint later alleges that Officer Fuentes "negligently and carelessly conducted" himself as a police officer "in overreacting and using unreasonable and excessive force against the plaintiff...."
The City moved to dismiss the complaint for failure to state a cause of action arguing that there is no such cause of action as "negligent" use of excessive force. The City's motion also stated that "the negligence claim is founded upon a battery, an intentional tort." The City's motion to dismiss was denied.[1]
The plaintiff filed a motion in limine seeking to exclude the plaintiff's prior convictions for writing bad checks arguing, in part, that the convictions were remote in time. The trial court granted the plaintiff's motion in limine thereby ruling that the prior convictions were inadmissible.
At the close of the plaintiff's case-in-chief, the plaintiff moved to amend the pleadings to conform to the evidence stating that he wants to make "sure that it states the claim for excessive use of force...." In granting the motion to amend, the trial court stated "what is alleged and what we have been trying are not the same lawsuit." The trial court further noted that the City was not prejudiced because it anticipated the evidence that was adduced during the plaintiff's case-in-chief. The jury returned a verdict in favor of the plaintiff awarding him a total of $16,000.00 in damages. The City appeals.
The City contends that either the action should have been dismissed or that judgment should have been entered in favor of the City because there is no such cause of action as "negligent" use of excessive force. The City's assertion that there is no such cause of action is correct. In City of Miami v. Sanders, 672 So.2d 46, 47 (Fla. 3d DCA 1996), this Court held that "the sole basis and limit of an arresting officer's liability in making a lawful arrest is found on a claim of battery, in that excessive force was involved in making the arrest. The concept of a cause of action for `negligent' excessive force is an oxymoron...." In response, the plaintiff, however, argues that this was never an action for "negligent" use of excessive force, but that even if it started out as such an action, the trial court permitted the plaintiff to amend the pleadings to conform to the evidence presented at trial that showed that Officer Fuentes acted intentionally.
To say the least, the plaintiff's complaint is not a model of clarity. The one and only count of the complaint was predicated on a "negligent" use of excessive force although the alleged facts indicate that Officer Fuentes acted intentionally. Therefore, the plaintiff's argument that this action was never an action for "negligent" use of excessive force, is not completely accurate.[2] Therefore, the issue is reduced to whether the trial court abused its discretion by granting the *488 plaintiff's motion to amend his pleadings to conform to the evidence.
Rule 1.190(b), Florida Rules of Civil Procedure, entitled "Amendments to Conform With the Evidence," provides as follows:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action of defense upon the merits.
In the instant case, the only issue that was tried was whether Officer Fuentes used excessive force. Moreover, the evidence presented during the plaintiff's case-in-chief, which was unobjected to and in some instances elicited by the City during the cross-examination of the plaintiff, (if believed, as the jury did) indicated that Officer Fuentes acted intentionally. There was no evidence adduced that the plaintiff's finger was injured as a result of Officer Fuentes' negligence. Therefore, because this issue was tried by implied consent and the record clearly demonstrates that the City was not prejudiced since they anticipated the evidence that was presented, we find that the trial court did not abuse its discretion by granting the plaintiff's motion to amend the pleadings to conform to the evidence. See Department of Revenue of State of Fla. v. Vanjaria Enters., Inc., 675 So.2d 252, 254-55 (Fla. 5th DCA 1996); American Linens, Inc. v. Venmall Int'l Group, 645 So.2d 1059, 1059 (Fla. 3d DCA 1994); Viscito v. Fred S. Carbon Co., 636 So.2d 194, 196 (Fla. 4th DCA 1994); Ohio Cas. Ins. Co. v. MRK Constr., Inc., 602 So.2d 976, 978 (Fla. 2d DCA 1992); Di Teodoro v. Lazy Dolphin Dev. Co., 418 So.2d 428, 429 (Fla. 3d DCA 1982), rev. denied, 427 So.2d 737 (Fla.1983); Dixie Farms, Inc. v. Timmons, 323 So.2d 637, 638 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1181 (Fla. 1976).
Finally, contrary to the City's assertion, we find that the trial court did not abuse its discretion by not permitting the City to impeach the plaintiff with evidence of prior convictions for writing bad checks where the convictions occurred many years ago. See § 90.610(1)(a), Fla. Stat. (1995).
Affirmed.
NOTES
[1] The order denying the motion to dismiss was entered by the predecessor trial judge.
[2] In the instant case, because of the sloppy drafting of the complaint, the predecessor trial judge should have dismissed the complaint with leave to amend. This would have allowed the plaintiff to easily amend his complaint to state a proper cause of action for excessive use of force since the underlying facts already alleged that Officer Fuentes acted intentionally.

Further, a review of the record indicates that the plaintiff's attorney's decision to continue arguing "negligent" use of excessive force may have been in reliance on the predecessor judge's denial of the motion to dismiss. At one point during the trial, the plaintiff's attorney argued to the trial court that the predecessor judge "specifically says that [the complaint] states that claim for excessive force, ..."