CORTIÑAS. J.
Pursuant to its contract with the School Board of Miami-Dade County (“School Board”), Veitia Padrón, Inc. (“VPI”) served as construction manager and general contractor on the renovation of the Feinberg Fisher Elementary School (the “Project”). VPI was also awarded the subcontract for the painting work to be performed on the Project. VPI then entered into a separate contract (the “Painting Contract”) with Mario’s Enterprises Painting & Wallcovering, Inc. (the “Painter”) for the paint-related work. Soon after the painting began, VPI notified the Painter of several deficiencies in the paint work performed on Building 7 of the Project. After being notified of the defective work, the Painter submitted change orders to VPI totaling approximately $161,000 for the work necessary to correct the identified paint issues.
Before the commencement of any corrective work, lead was discovered on the Project. While it appears that VPI made several attempts to schedule meetings with the Painter after the discovery of lead, the Painter was reticent to meet until the completion of the report by EE & G, the School Board’s lead remediation specialist. Despite receiving correspondence from the School Board’s Department of Asbestos Management advising that tested lead exposure levels in Building 7 were well-below OSHA’s acceptable exposure limits both before and after the Painter performed work, the Painter refused to return to the Project or meet with VPI until a lead report on the entire Project was complete. Ultimately, VPI, following the School *821 Board’s demand, advised the Painter that if it did not return to Building 7 within seventy-two hours, VPI would take all steps necessary to complete the work in its absence. When the Painter failed to return to the Project, VPI hired a replacement painting subcontractor to complete the Project. The Painter later sued VPI for breach of contract, seeking damages for lost profits. VPI counter-sued, also for breach of contract, seeking the additional costs of completing the work on the Project. After a non-jury trial, judgment was entered in favor of VPI, awarding damages equal to the costs of completing the Project. This appeal followed.
“When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence.” Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1139, 1143 (Fla. 4th DCA 2008) (citing In re Estate of Sterile, 902 So.2d 915, 922 (Fla. 2d DCA 2005)). It is well-established that “the trial judge is in the best position ‘to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor, and credibility of the witnesses.’ ” In re Estate of Sterile, 902 So.2d at 923 (quoting Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976)). Here, several of the actions and inactions of both parties were in dispute during the four-day trial. After hearing witness testimony, and weighing the evidence presented by both the Painter and VPI, the trial court found that certain actions taken by the Painter “were merely excuses for its refusal to return to the painting work under the [Painting Contract],” and that the Painter “was rightfully terminated by [VPI] when [the Painter] refused to return to work on Building 7 without any legal excuse or justification for said refusal and in violation of the express subcontract terms.” After a thorough review of the trial transcript and the exhibits presented at trial, there is sufficient competent evidence in the form of correspondence and witness testimony in the record to uphold the trial court’s findings that the Painter’s actions were essentially delay tactics and that it was properly terminated by VPI.
We affirm on all other points.
Affirmed.