DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTORIA CARTELLI,**
Appellant,

v.

**WALTER ALISTAIR GREEN,**
Appellee.

No. 4D21-1743

[November 24, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Michael J. Linn, Judge; L.T. Case No. 312011CP000759.

Victoria Cartelli, Hempstead, New York, pro se.

James P. Covey, Vero Beach, for appellee.

PER CURIAM.

After a family's matriarch passed away in 2011, one of her adult children, a beneficiary of the estate, was appointed personal representative in ancillary proceedings primarily involving a home in Florida. The will directed that the estate's real property be sold "as soon as practicable." The home was sold in 2013. The personal representative petitioned for discharge. The appellant, who is the personal representative's half-sibling and was one of the beneficiaries of the estate, objected to the final accounting and to discharge. The trial court overruled the bulk of the objections. We affirm.

The appellant objected to the final accounting on multiple grounds: (1) The personal representative was not diligent in listing the real property for sale, and thus the estate incurred various expenses totaling almost $30,000; (2) the estate lost potential rental income when the personal representative collected nominal rent from his father, who resided in the home for a period of time; and (3) the personal representative claimed that the personal property in the home was worthless, yet he moved the personal property to his home and offered the other beneficiaries $10,000 for the personal property.

During a hearing, the appellant and the personal representative presented differing accounts of what transpired after the decedent's death and pending the sale of the decedent's Florida home. According to the appellant, the personal representative delayed selling the home so his father could reside there and so he could use the property as a vacation home. He moved valuable personal property from the home into his own home and offered the other siblings/beneficiaries $10,000 for the personal property.

According to the personal representative, the sale was delayed for two reasons. First, the appellant, unlike his other siblings, did not consent to his appointment as personal representative. Second, after his appointment, he and the appellant engaged in a lengthy term of negotiations over the sale of the home, as they each wanted to purchase the property. The personal representative offered $10,000 for the personal property as part of an offer to buy the home, not because the property was worth that much. After it became clear he and the appellant could not agree on which of them would buy the home, it was listed for sale, and he moved the personal property into his home to prepare for closing. The personal property was old, nothing of note, and the estate made less than $200 on the items that the personal representative was able to consign. He disposed of the remaining items not claimed by the beneficiaries. As for use of the home pending its sale, the personal representative acknowledged that he and the other siblings and their families gathered at the home for a reunion. His father resided there for a time to serve as a property manager and assist in preparing the home for sale, and the personal representative charged him enough rent to cover the cost of utilities.

Another sibling testified, confirming that the home's contents lacked value and that the appellant caused the delay in the sale of the home.

The trial court found the personal representative sold the home "as soon as practicable," consistent with the will's directive, the personal representative was not required to rent out the home to make a profit for the estate, and his father resided in the home to help the personal representative maintain the property. The court found no evidence that the personal property was worth more than the minimal amount for which it sold. The court also sustained the objection related to the value of the personal property to the extent it was worth $199.

On appeal, the appellant's arguments relate to the propriety of the trial court's factual findings and weighing of the evidence. For instance, the

appellant seems to argue that the trial court should have rejected the personal representative's testimony because it was illogical and not credible. But the appellant cherry picks testimony and ignores other testimony. This court has elaborated on the differences between the trial court's role and the appellate court's role:

> [T]he function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test . . . is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject 'inherently incredible and improbable testimony or evidence,' it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court.

*Shaw v. Shaw*, 334 So. 2d 13, 16 (Fla. 1976) (internal footnote and citations omitted). We find that the trial court did not err in accepting the personal representative's testimony. Additionally, there was competent, substantial evidence supporting the trial court's findings.

*Affirmed.*

CIKLIN, ARTAU, JJ., and HARPER, BRADLEY, Associate Judge, concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3