# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1495
Lower Tribunal No. 18-39831
_____

**GR OPCO, LLC, etc.,**
Appellant,

vs.

**Ana Paola Murillo,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Kelley Legal, and Marissa D. Kelley and Dylan M. Fulop (Ft. Lauderdale), for appellant.

Remer & Georges-Pierre, PLLC, and Peter M. Hoogerwoerd, for appellee.

Before LOGUE, HENDON, and LOBREE, JJ.

PER CURIAM.

Ana Paola Murillo filed a complaint against GR OPCO, LLC d/b/a

E11even, alleging claims for a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, 216, breach of agreement, quantum meruit, and unjust enrichment. GR OPCO moved to compel arbitration, claiming that Murillo signed an agreement requiring the parties to arbitrate any and all claims between them and attaching a copy of the agreement purportedly signed by Murillo. Murillo countered with a declaration stating that she never signed an arbitration agreement during her employment with GR OPCO, and attesting that the signature and IP address on the electronically signed agreement were not hers. After an evidentiary hearing, the trial court denied the motion to compel arbitration. GR OPCO now appeals.

In reviewing a trial court's order denying a motion to compel arbitration, our review of factual findings is limited to determining whether they are supported by competent, substantial evidence. MetroPCS Commc'ns, Inc. v. Porter, 273 So. 3d 1025, 1027 (Fla. 3d DCA 2018). After careful review, we conclude that GR OPCO has not demonstrated that the trial court erred in denying its motion to compel arbitration because substantial competent evidence in the record supports the trial court's finding that Murillo did not sign the arbitration agreement, and therefore, no valid written agreement to arbitrate exists between the parties. Specifically, the trial court, who observed the witnesses as they testified, based its ruling on a credibility

2

determination, finding Murillo's testimony that she did not sign the arbitration agreement to be both credible and determinative on the issue. Given our standard of review, we decline to disturb the trial court's ruling that GR OPCO is not entitled to arbitrate the dispute. See Cartelli v. Green, 331 So. 3d 839, 841 (Fla. 4th DCA 2021) ("The test . . . is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject 'inherently incredible and improbable testimony or evidence,' it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court." (quoting Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976))); Demida Miami Gardens, LLC v. Master Excavators, Inc., 107 So. 3d 1250, 1251 (Fla. 3d DCA 2013) ("On this record, we could reverse only by re-weighing the evidence and the credibility of the witnesses—a function not ascribed to this court." (quoting G & G Fashion Design, Inc. v. Garcia, 870 So. 2d 870, 873 (Fla. 3d DCA 2004))); Adkins v. Adkins, 650 So. 2d 61, 62 (Fla. 3d DCA 1994) ("[I]t is for the trial court who heard the testimony below, not this court, to evaluate and weigh credibility of witness testimony and other evidence adduced.").

We also discern no abuse of discretion in the trial court's denial of the parties' joint motion for continuance of the evidentiary hearing. See Leal v. Benitez, 275 So. 3d 774 (Fla. 3d DCA 2019). Affirmed.

3