# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0084
Lower Tribunal No. 23-4848-CP-02
_____

**Jorge Leon,**
Appellant,

vs.

**Marianela Dolores Lozano,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

FGC Attorneys and Elizabeth Hernandez and Hugo L. Garcia and Rachel Camp, for appellant.

Valero Law PLLC and David T. Valero, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Hooker v. Hooker, 220 So. 3d 397, 402 (Fla. 2017) ("At

trial, the 'question of donative intent is one of a preponderance of the credible evidence; and that question is for the chancellor, not for [the appellate court]." (quoting Merrill v. Merrill, 357 So. 2d 792, 793 (Fla. 1st DCA 1978))); Pagan v. State, 830 So. 2d 792, 806 (Fla. 2002) ("The reviewing court is bound by the trial court's factual findings if they are supported by competent, substantial evidence."); Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976) ("It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test . . . is whether the judgment of the trial court is supported by competent evidence."); Rollins v. Rollins, 336 So. 3d 1241, 1243 (Fla. 5th DCA 2022) ("The standard of review on appeal requires the appellate court to determine whether the trial court's decision was supported by competent, substantial evidence, regardless of whether the party's burden of proof in the trial court was preponderance of the evidence, clear and convincing evidence, or beyond a reasonable doubt." (footnote omitted)); Golden v. Golden, 434 So. 2d 978, 978 (Fla. 3d DCA 1983) ("[E]ven where a bank account is opened in a manner which satisfies the [UTMA], there is no absolute bar to the introduction of extrinsic evidence to show fraud or mistake, or to otherwise demonstrate a contrary intent.").