# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1182
Lower Tribunal No. 20-1377-CP-02
_____

**Marlen Adalgiza Romana Palomeque,**
Appellant,

vs.

**In Re: Eudoro Carvajal Ibanez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

The Arreaza Law Firm, LLC and Alex Arreaza (Wilton Manors), for appellant.

Eaton & Wolk, PL and Douglas F. Eaton, for appellees Mireya Carvajal Daza and Islen Carvajal Daza; Law Office of Joseph A. Bosco, P.A., and Joseph A. Bosco (Boynton Beach); DeBiase Alvarez, and Adrian J. Alvarez (Boca Raton), for appellees Ayda Alejandra Carvajal Rincon, Martha Lucia Padilla Lozano, and Dora Prieto Rojas; Saul Ewing LLP, and Hilda Piloto, for appellee Grupo Inversor Horizonte S.A.S.

Before SCALES, C.J., and EMAS and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Salazar v. State, 991 So. 2d 364 (Fla. 2008) (trial court's evidentiary rulings on admission or exclusion of evidence are reviewed for an abuse of discretion); Mesa v. Citizens Prop. Ins. Corp., 358 So. 3d 452 (Fla. 3d DCA 2023) (same). See also Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976) ("It is clear that the function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test . . . is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject 'inherently incredible and improbable testimony or evidence,' it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court.") (footnote omitted); Mario's Enterps. Painting & Wallcovering, Inc. v. Veitia Padron Inc., 52 So. 3d 819, 821 (Fla. 3d DCA 2011) ("When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence. It is well-established that 'the trial judge is in the best position 'to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor, and credibility of the

2

witnesses.'") (quoting In re Estate of Sterile, 902 So. 2d 915, 922 (Fla. 2d DCA 2005)) (additional quotations omitted).