ALLEN, Judge.
On May 13, 1966, a jury in the County Judge’s Court of Collier County found Donald Pinder, Claude Pryor and Milfred Varner guilty of violating certain rules and regulations of the Game and Fresh Water Fish Commission. The county judge adjudicated their guilt and sentenced them accordingly.
On June 24, 1966, the above named defendants purported to take an appeal from an order denying their motion for new trial. The order was entered on June IS, 1966.
On December 16, 1966, the State of Florida filed a motion to dismiss the above appeal because appellants had failed to file the notice of appeal based upon an appeal-able order.
On May 11, 1967, the respondent court rendered a decision in which relator’s (State of Florida) motion was granted, but allowed appellants 10 days to file amended papers.
Based on the circuit court’s order allowing appellants to amend their notice of appeal, etc., the relator sought the issuance of a Rule Nisi from this court prohibiting the Respondent Judge from further exercising jurisdiction in the cause.
This court issued the Rule Nisi and granted the respondent 20 days “to show cause * * * before this court on the 28th day of June A.D.1967,” why the Writ of Prohibition should not be granted.
The Respondent Judge did not file a return nor did he file a brief showing why the Writ of Prohibition should not be issued. In fact the only paper filed in this case since the issuance of the Rule Nisi was a Motion to Withdraw, which was approved by the Respondent Judge Smith.
The Florida Bar’s Committee on Continuing Legal Education states in its publication Florida Civil Practice After Trial, page 1187:
“Failure to file a return and supporting brief means, from a practical standpoint, that respondent loses. Upon this failure the allegations in the suggestion become the accepted truth on the merits. Since the court had to find that the suggestion stated a prima facie case as a prerequisite to issuance of the rule nisi, and since the rule has issued, the court can hardly avoid issuing the writ.”
Notwithstanding the fact that this court could sua sponte grant the Writ of Prohibition prayed for, the relator has presented a question which, if answered in the negative would cause the Writ to be granted, but if answered in the affirmative, would necessarily result in the Writ’s denial. That question is:
“Where appellants’ notice of appeal to the Circuit Court in and for Collier County, in a criminal case, appeals from an order denying a new trial, and where said circuit court dismisses the appeal upon motion, allowing time for amendments to perfect said appeal, after the filing time for filing the notice of appeal has expired, does the circuit court have *830 jurisdiction to entertain and determine said appeal?”
The Third District Court of Appeal, in a case which seems to be directly on point, Griffith v. State, Fla.App. 1965, 171 So.2d 597, impliedly answered the above question in the negative. That court said, at page 598 of the opinion:
“Nevertheless, we cannot make such a decision because we must hold that we have no jurisdiction of this appeal. An appeal may be taken by the State from an order granting a new trial. See § 924.-07(2) Fla.Stat., F.S.A. But no provision is made by the Florida Statutes or the Florida Appellate Rules for an appeal by the defendant from an order denying a motion for new trial. Such a denial must be assigned as error on an appeal from the final judgment. See Koch v. State Road Department of Florida, Fla. 1958, 106 So.2d 426.”
In conclusion then, the notice of appeal filed on June 24, 1966, and based on an order denying a motion for new trial was a defective notice which could not give the circuit court jurisdiction of the cause. The order denying the motion for new trial was entered on June 15, 1966. The time for taking the appeal had been tolled until that day. The appellants had until September 14, 1966, in which to perfect their appeal. This appellants failed to do.
The time for taking a criminal appeal is, of course, 90 days. The 90 days granted for taking a criminal appeal is a jurisdictional matter which cannot be waived. It necessarily follows that respondent had no appellate jurisdiction upon which to base an extension of time for appellants to amend their notice of appeal.
The Writ of Prohibition should, therefore, be granted.
LILES, C. J., and SHANNON, J., concur.