WELLS, Justice.
The Supreme Court Mediation and Arbitration Rules Committee petitions this Court to consider amendments to the Florida Rules of Juvenile Procedure and the Florida Rules for Certified and Court-Appointed Mediators. Pursuant to article V, section 2(a), of the Florida Constitution, we have jurisdiction.
In response to the enactment of section 39.4033, Florida Statutes (1995) (“Referral of a dependency case to mediation”), which provides that dependency proceedings may be referred to mediation in accordance with chapter 44, Florida Statutes (1995), and rules and procedures developed by this Court, the Mediation and Arbitration Rules Committee submitted the following proposed additions and amendments to the Florida Rules of Juvenile Procedure and Florida Rules for Certified and Court-Appointed Mediators. The Mediation and Arbitration Rules Committee sought input from various sources, including members of the Florida Juvenile Court Rules Committee. The Mediation and Arbitration Rules Committee proposed the addition of Florida Rule of Juvenile Procedure 8.290 to be titled “Dependency and Termination of Parental Rights Proceedings.” In addition, the Mediation and Arbitration Rules Committee recommended that Florida Rule for Certified and Court-Appointed Mediators 10.010 be amended to include a fourth category of mediators to be certified as qualified dependency mediator. The proposed rules were published in The Florida Bar News on February 15,1997, and comments were solicited.
*764 The Court has received several comments and has held oral argument on these proposed rules. After carefully considering the comments and oral argument, we adopt the proposed rules with the following revisions to the rules as they were submitted by the Committee.
The Committee’s proposed Florida Rule of Juvenile Procedure 8.290(d) was revised to ensure that the order referring the case to mediation is served upon all parties and counsel of record.
The Committee’s proposed Florida Rule of Juvenile Procedure 8.290(o)(l) was revised to provide a copy of the mediator’s report to counsel for the parties.
The Committee’s proposed Florida Rule for Certified and Court-Appointed Mediators 10.010(e) was revised to provide that any person certified as a family mediator pursuant to Florida Rule for Certified and Court-Appointed Mediators 10.010(b) and who has mediated a minimum of four dependency cases shall be certified as a dependency mediator upon the successful completion of twenty hours in a dependency mediation training program certified by this Court. We request the Mediation and Arbitration Rules Committee to create a twenty-hour training program directed to dependency matters for such mediators.
We commend the Mediation and Arbitration Rules Committee for its diligence and thoroughness and approve and adopt the rales as reflected in the appendix to this opinion. Underscoring indicates new language, and strike-through type indicates deletions. These rales shall take effect upon the release of this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.

APPENDIX

Florida Rules of Juvenile Procedure
RULE 8.290. DEPENDENCY MEDIATION
(a)Definitions. The following definitions apply to this rale:
(1) “Dependency matters” means proceedings arising under Part III (Dependency Cases), Part V (Children in Foster Care), and Part VI (Termination of Parental Rights), of Chapter 39, Florida Statutes.
(2) “Dependency mediation” means mediation of dependency matters.
(3) “Mediation” means a process whereby a neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties. It is an informal and nonadver-sarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decision-making authority rests with the parties. The role of the mediator includes, but is not limited to, assisting the parties in identifying issues, fostering joint problem-solving, and exploring settlement alternatives.
(b) Applicability. This rale applies only to mediation of dependency matters.
(c) Compliance with Statutory Time Requirements. Dependency mediation shall be conducted in compliance with the statutory time requirements for dependency matters unless waived by all parties and approved by the court-
id) Referral. Except as provided by this rule, all matters and issues described in subdivision(a)(l) may be referred to mediation. All referrals to mediation shall be in written form, shall advise the parties of their right to counsel, and shall set a date for hearing before the court to review the progress of the mediation. The mediator or mediation program shall be appointed by the court or stipulated to by the parties. In the event the court refers the matter to mediation, the mediation order shall address all applicable provisions of this rule. The mediation order shall be served on all parties and on counsel pursuant to the provisions of the Florida Rules of Juvenile Procedure.
*765 (e) Appointment of the Mediator.
(1) Court Appointment. The court, in the order of referral to mediation, shall appoint a certified mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.
(2) Party Stipulation. Within 10 days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:
(A) another certified mediator of dependency matters to replace the one selected by the judge: or
(B) a mediator who does not meet the certification requirements of these rules but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(f) Fees. Dependency mediation referrals may be made to a mediator or mediation program which charges a fee. Any order of referral to a mediator or mediation program charging a fee shall advise the parties that they may timely object to mediation on grounds of financial hardship. Upon the objection of a party or the court’s own motion, the court may, after considering the objecting party’s ability to pay and any other pertinent information, reduce or eliminate the fee.
(g) Objection to Mediation. Within 10 days of the fifing of the order of referral to mediation, any party or participant ordered to mediation may make a written objection to the court about the order of referral if good cause for such objection exists. If a party objects, mediation shall not be conducted until the court rules on the objection.
(h) Scheduling. The mediation conference may be held at any stage of the proceedings. Unless otherwise scheduled by the court, the mediator or the mediation program shall schedule the mediation conference.
(i) Disqualification of the Mediator. Any party may move to enter an order disqualifying a mediator for good cause. If the court rules that a mediator is disqualified from mediating a case, an order shall be entered setting forth the name of a qualified replacement. Nothing in this provision shall preclude mediators from disqualifying themselves or refusing any assignment.
(j) Substitute Mediator. If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without the agreement of the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
(k) Discovery. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.
(l) Appearances.
(1) Order naming or prohibiting attendance of parties. The court shall enter an order naming the parties and the participants who must appear at the mediation and any parties or participants who are prohibited from attending the mediation. Additional participants may be included by court order or by mutual agreement of all parties.
(2) Physical presence of adult parties and participants. Unless otherwise agreed to by the parties or ordered by the court, any party or participant ordered to mediation shall be physically present at the mediation conference. Persons representing an agency, department, or program must have full authority to enter into an agreement which shall be binding on that agency, department, or program. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of any party or participant ordered to mediation.
(3) Appearance of Counsel. In the discretion of the mediator and with the agree- ' ment of the attending parties, dependency mediation may proceed in the absence of counsel unless otherwise ordered by the court.
(4) Appearance of Child. The court may prohibit the child from appearing at mediation upon determining that such ap *766 pearance is not in the best interest of the child. No minor child shall be required to appear at mediation unless the court has previously determined by written order that it is in the child’s best interest to be physically present. The court shall specify in the written order of referral to mediation any special protections necessary for the child’s appearance.
(5) Sanctions for Failure to Appear. If a party or participant ordered to mediation fails to appear at a duly noticed mediation conference without good cause, the court, upon motion of any party or on its own motion, may impose sanctions. Sanctions against the party or participant fading to appear may include one or more of the following: contempt of court, an award of mediator fees, an award of attorney fees, an award of costs, or other remedies as deemed appropriate by the court.
(m) Caucus with Parties and Participants. During the mediation session, the mediator may meet and consult privately with any party, participant, or counsel.
(n) Continuances. The mediator may end the mediation session at any time and may set new times for reconvening the mediation. No further notification shall be required for parties or participants present at the mediation session.
(o) Report on Mediation.
(1) If agreement is reached as to all or part of any matter or issue, including legal or factual issues to be determined by the court, such agreement shall be immediately reduced to writing, signed by the attending parties, and promptly submitted to the court by the mediator with copies to all parties and counsel.
(2) If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation.
(p) Court Hearing and Order Upon Mediated Agreement. Upon receipt of a full or partial mediation agreement, the court shall hold a hearing and enter an order accepting or rejecting the agreement consistent with the best interest of the child. The court may modify the terms of the agreement with the consent of all parties to the agreement.
(q)Imposition of Sanctions Upon Breach of Agreement. In the event of any breach or failure to perform under the court-approved agreement, the court, upon a motion of any party or upon its own motion, may impose sanctions. The sanctions may include contempt of court, vacating the agreement, imposition of costs and attorney fees, or any other remedy deemed appropriate by the court.
Committee Notes
1997 Adoption. In considering the provision regarding the appearance of the child found in subdivision (i)(4), the Committee considered issues concerning the child’s right to participate and be heard in mediation and the need to protect the child from participating in proceedings when such participation would not be in the best interest of the child. The Committee has addressed only the issue of mandating participation of the child in mediation. In circumstances where the court has not mandated that the child appear in mediation, the Committee believes that, in the absence of an order prohibiting the child from mediation, the participation of the child in mediation will be determined by the parties.
Whenever the court, pursuant to subdivision (p) determines whether to accept, reject, or modify the mediation agreement, the Committee believes that the court shall act in accordance with the confidentiality requirements of chapter 44, Florida Statutes.
Florida Rules for Certified and Court-Appointed Mediators
PARTI. MEDIATOR QUALIFICATIONS
RULE 10.010. GENERAL QUALIFICATIONS.
(a) County Court Mediators. For certification a mediator of county court matters must be certified as a circuit court or family mediator or:
(1) complete a minimum of 20 hours in a training program certified by the supreme court;
*767 (2) observe a minimum of 4 county court mediation conferences conducted by a court-certified mediator and conduct 4 county court mediation conferences under the supervision and observation of a court-certified mediator; and
(3) be of good moral character.
(b) Family Mediators. For certification a mediator of family and dissolution of marriage issues must:
(1) complete a minimum of 40 hours in a family mediation training program certified by the supreme court;
(2) have a master’s degree or doctorate in social work, mental health, or behavioral or social sciences; be a physician certified to practice adult or child psychiatry; or be an attorney or a certified public accountant licensed to practice in any United States jurisdiction; and have at least 4 years practical experience in one of the aforementioned fields or have 8 years family mediation experience with a minimum of 10 mediations per year;
(3) observe 2 family mediations conducted by a certified family mediator and conduct 2 family mediations under the supervision and observation of a certified family mediator; and
(4) be of good moral character.
(c) Circuit Court Mediators. For certification a mediator of circuit court matters, other than family matters, must:
(1) complete a minimum of 40 hours in a circuit court mediation training program certified by the supreme court;
(2) be a member in good standing of The Florida Bar with at least 5 years of Florida practice and be an active member of The Florida Bar within 1 year of application for certification; or be a retired trial judge from any United States jurisdiction who was a member in good standing of the bar in the state in which the judge presided for at least 5 years immediately preceding the year certification is sought;
(3) observe 2 circuit court mediations conducted by a certified circuit mediator and conduct 2 circuit mediations under the supervision and observation of a certified circuit court mediator; and
(4)be of good moral character.
(d)Dependency Mediators. For certification a mediator of dependency matters, as defined in Florida Rule of Juvenile Procedure 8.290(a) must:
(1) complete a supreme court certified dependency mediation training program as follows:
(A) 40 hours if the applicant is not a certified family mediator or is a certified family mediator who has not mediated at least 4 dependency cases; or
(B) 20 hours if the applicant is a certified family mediator who has mediated at least 4 dependency cases; and
(2) have a master’s degree or doctorate in social work, mental health, behavioral sciences or social sciences; or be a physician licensed to practice adult or child psychiatry or pediatrics; or be an attorney licensed to practice in any United States jurisdiction; and
(3) have 4 years of experience in family and/or dependency issues or be a licensed mental health professional with at least 4 years of practical experience or be a supreme court certified family or circuit mediator with a minimum of 20 mediations; and
(4) observe 4 dependency mediations conducted by a certified dependency mediator and conduct 2 dependency mediations under the supervision and observation of a certified dependency mediator; and
(5) be of good moral character.
4d)(e) Special Conditions. Mediators who have been duly certified as circuit court or family mediators before July 1, 1990, shall be deemed qualified as circuit court or family mediators pursuant to these rules. Certified family mediators who have mediated a minimum of 4 dependency cases prior to July 1, 1997, shall be granted temporary certification and may continue to mediate dependency matters for no more than 1 year from the time that a training program pursuant to subdivision (d)(1)(B) is certified by the supreme court. Such mediators shall be deemed qualified to apply for certification as *768 dependency mediators upon the successful completion of the requirements of subdivisions (d)(1)(B) and (d)(5) of this rule.
PART II. STANDARDS OF PROFESSIONAL CONDUCT
RULE 10.020. PREAMBLE
(a) Scope; Purpose. These rules are intended to instill and promote public confidence in the mediation process and to be a guide to mediator conduct. As with other forms of dispute resolution, mediation must be built on public understanding and confidence. Persons serving as mediators are responsible to the parties, the public, and the courts to conduct themselves in a manner which will merit that confidence. These rules apply to all mediators who are certified or participate in-eourt- sponsored- mediation court-appointed. These rules are also intended to serve as and are a guide to mediator mediators’ conduct in discharging their professional responsibilities hr the mediation of circuit civil and family and county court cases in the State -of Florida as mediators.
(b) Mediation Defined. Mediation is a process whereby a neutral third party acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable agreement.
(c) Mediator’s Role. In mediation, decision-making authority rests with the parties. The role of the mediator includes but is not limited to assisting the parties in identifying issues, reducing obstacles to communication, maximizing the exploration of alternatives, and helping the parties reach voluntary agreements.
(d) General Principles. Mediation is based on principles of communication, negotiation, facilitation, and problem-solving that emphasize:
(1) the needs and interests of the participants;
(2) fairness;
(3) procedural flexibility;
(4) privacy and confidentiality;
(5) full disclosure; and
(6) self-determination.