PER CURIAM.
Appellant, the State of Florida, appeals the trial court’s reliance on section 92.565, Florida Statutes (2000), to grant the defense’s motion to suppress an admission regarding a prior incident. We reverse because the statute is only applicable to confessions or admissions relating to a charged sexual abuse offense.
Appellee Manuel Lena was charged with three counts of sexual battery upon a minor by an adult and two counts of lewd and lascivious molestation against a child under twelve. Lena gave a written statement in which he discussed the charged offense, but also stated that six years earlier during a visit to the victim’s family apartment, the then three-year old victim walked in on him in the bathroom and proceeded to grab his penis and put it in her mouth. The victim’s parents denied that such an incident could have occurred as Lena had never been inside their apartment. The defense’s motion to suppress Lena’s statement as to the prior incident was granted by the court pursuant to section 92.565.
We first reject the State’s contention that this statement is admissible un *921 der section 90.108, Florida Statutes (2000), commonly known as the doctrine of completeness. This statute is inapplicable because the State is both the proponent of the evidence and the party seeking to introduce the other part of the statement. Only an adverse party can insist that in the interest of fairness the other part of the statement be considered contemporaneously. See § 90.108, Fla. Stat. (2000).
We agree with the State, however, that the trial court erred in granting Lena’s motion to exclude a portion of- his statement based upon section 92.565. That statute has no applicability to the case at hand, as it pertains solely to confessions or admissions related to the charged crimes. The statute has no applicability to an admission regarding another offense which the defendant is not presently charged with committing.
We decline to consider whether the trial court was right for the wrong reason because the judge only considered section 92.565 and did not entertain argument or rule upon the admissibility of the evidence under any other theory. Thus, there is no record at this time from which we can determine whether this evidence is relevant under sections 90.403 or 90.404, or whether it is proper impeachment. By our decision today, we specifically make no determination on the admissibility of the statement.
Reversed and remanded.