PADOVANO, J.
 

 This is an appeal by the employer and its servicing agent from an order awarding workers’ compensation benefits to an injured worker. We conclude that the appellants’ initial brief fails to demonstrate a preliminary basis for reversal and we therefore summarily affirm the order without the need for an answer brief.
 

 Yaadram Nathai tripped on a mat while working as a mechanic for his employer Florida Detroit Diesel and he injured his knee and foot. The employer and its servicing agent, Gallagher Bassett Services, Inc., accepted the accident as compensable and provided Mr. Nathai medical treatment, including arthroscopic knee surgery for a torn meniscus. Following the surgery, the employer and servicing agent authorized treatment by Dr. Paul Shirley, an orthopedist.
 

 Dr. Shirley characterized the injury as “devastating” and “life altering” and concluded that it would prevent Mr. Nathai from returning to his normal functioning at work. Mr. Nathai wanted to obtain a second opinion to determine whether there was any other course of treatment that might enable him to regain the full use of his foot and return to work. The employer and servicing agent denied this request, and then Mr. Nathai filed a petition for
 
 *184
 
 benefits to litigate his entitlement to a second opinion.
 

 The evidence presented at the hearing on the petition included Dr. Shirley’s deposition. Dr. Shirley’s testimony on direct examination as it pertained to the need for a second opinion was as follows:
 

 Q. Have your recommendations for epidural blocks and a second opinion with Dr. Murphy changed?
 

 A. No.
 

 Q. Do you still believe they are medically necessary?
 

 A. Yes.
 

 Q. And the basis for the medical necessity is the original workplace injury?
 

 A. Yes.
 

 Q. All right. Doctor, are those recommendations within a reasonable degree of medical certainty?
 

 A. Yes.
 

 On cross-examination, Dr. Shirley conceded that Mr. Nathai would not benefit from additional surgery and, for that reason, he agreed that a second opinion was not necessary from an orthopedic standpoint. However, he stood by his conclusion that a second opinion was medically necessary to determine whether there was anything that could be done that would enable Mr. Nathai to return to work. He explained that a second opinion might reveal a beneficial course of treatment other than additional surgery and that it was important to assist Mr. Nathai in obtaining closure on the possibility of significant improvement of his condition.
 

 Based on Dr. Shirley’s testimony, the judge of compensation claims concluded that the second opinion was medically necessary and directed that it be provided at the expense of the employer and servicing agent. This order is the subject of the present appeal by the employer and servicing agent.
 

 We have elected to review the order under the summary disposition procedure in rule 9.315(a) of the Florida Rules of Appellate Procedure. This rule authorizes an appellate court to summarily affirm an order of the lower tribunal if “no preliminary basis for reversal has been demonstrated.” As explained in the court commentary to rule 9.315, the purpose of the summary affirmance procedure is to provide an expeditious method of deciding an appeal that is unmeritorious.
 

 When used properly, the summary affirmance procedure is not only faster than the ordinary practice of allowing full briefing by all parties, it is also more economical. A decision to summarily affirm an order can be made at any time after the filing of the appellant’s initial brief, which means that the appellate court may dispense with the answer brief. The expenses incurred by the parties are not as great as they would be if the court required an answer brief and then a reply brief.
 

 The summary affirmance procedure is appropriate in this case, because it is clear from the record and the initial brief that the argument for reversal is without merit. Whether a second opinion is medically necessary is a question of fact.
 
 See Lombardi v. Southern Wine & Spirits,
 
 890 So.2d 1128 (Fla. 1st DCA 2004). In workers’ compensation cases, as in other fields of the law, a decision that turns on a finding of fact must be affirmed on appeal if the finding is supported by competent substantial evidence.
 
 See De Groot v. Sheffield,
 
 95 So.2d 912 (Fla.1957);
 
 Mylock v. Champion Int'l,
 
 906 So.2d 363 (Fla. 1st DCA 2005). It follows from these principles that the order at issue here must be affirmed. The decision by the judge of compensation claims that Mr. Nathai is entitled to a second opinion is fully sup
 
 *185
 
 ported by the expert testimony given by Dr. Shirley.
 

 It makes no difference that there may have been some evidence in the record to support the appellants’ position. The pertinent question is whether the evidence supports the order under review. It is an elementary principle, but one apparently worth restating, that the facts of a case are not reweighed in the appellate court. As the supreme court explained in
 
 Shaw v. Shaw,
 
 334 So.2d 13, 16 (Fla.1976), “[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it.” Rather, the test is “whether the judgment of the trial court is supported by competent evidence.”
 
 Shaw,
 
 334 So.2d at 16.
 

 The employer and servicing agent have attempted to recast the issue in a more favorable light by pointing out that there is no evidence that a second opinion is “orthopedically” necessary. The problem with this argument is that it would add a requirement that is not present in the Workers’ Compensation Law. The phrase “medically necessary” is defined in the applicable statute as any medical service that is used to identify or treat an illness or injury, and is appropriate to the patient’s diagnosis and status of recovery.
 
 See
 
 § 440.13(l)(m), Fla. Stat. (2003). This broad definition of the phrase “medically necessary” could potentially include “any” medical service that is shown to be necessary. The statute does not restrict the concept of medical necessity to a particular field of medicine. Hence, we do not accept the argument that Mr. Nathai was required to show that the second opinion was “orthopedically” necessary. That is an artificial construct not found in the text of the statute.
 

 For these reasons, we conclude that the employer and servicing agent have failed to present a preliminary basis for reversal. We have no need for an argument in defense of the order by the judge of compensation claims, as it clear to us from our reading of the record and the initial brief that we must affirm the order.
 

 Affirmed.
 

 KAHN and WETHERELL, JJ., concur.