PER CURIAM.
 

 In this workers’ compensation appeal, the employer/carrier (E/C) argue that the Judge of Compensation Claims (JCC) erred in accepting the opinion of the claimant’s “longtime treating physician,” Dr. Florete, that the compensable aggravation to the claimant’s preexisting condition had not abated and required continued medical treatment. The E/C contend that because of an alleged conflict between one aspect of Dr. Florete’s testimony and the claimant’s medical history, the JCC should have rejected Dr. Florete’s opinion and instead accepted the opinion of Dr. Orr, who testified on behalf of the E/C that the aggravation to the claimant’s preexisting condition had abated. We summarily affirm pursuant to Florida Rule of Appellate Procedure 9.315(a) because the substance of Dr. Flo-rete’s testimony, when taken as a whole, is neither unreasonable nor illogical, has a legally sufficient foundation, and is thus, competent substantial evidence to support the JCC’s findings.
 
 See Fla. Detroit Diesel v. Nathai,
 
 28 So.3d 182, 184-85 (Fla. 1st DCA 2010) (summarily affirming a workers’ compensation appeal that challenged a factual finding made by the JCC which was supported by competent substantial evidence);
 
 see also Wintz v. Goodwill,
 
 898 So.2d 1089, 1093 (Fla. 1st DCA 2005) (explaining that the “standard of review in worker’s compensation cases is whether competent substantial evidence
 
 supports
 
 the decision below,
 
 not
 
 whether it is possible to recite contradictory record evidence which supported the arguments rejected below” (quoting
 
 Mercy Hosp. v. Holmes,
 
 679 So.2d 860 (Fla. 1st DCA 1996)));
 
 Swanigan v. Dobbs House,
 
 442 So.2d 1026, 1027 (Fla. 1st DCA 1983) (explaining that this court will not “substitute [its] judgment for that of the [JCC] on factual matters supported by competent, substantial evidence, and appeals asking us to do so are frivolous”).
 

 AFFIRMED.
 

 WOLF, DAVIS and WETHERELL, JJ., concur.