WALLACE, Judge,
concurring.
I concur in the affirmance of Livingston’s judgment and sentence for robbery. However, I reach this result by a different path from the one taken by my colleagues in the majority. I agree with the majority that the issues raised by Livingston that the majority does not discuss are without merit. But I disagree with the majority’s analysis about the propriety of using the excited utterance exception to the hearsay rule as a basis for affirming Livingston’s conviction. I also disagree with the majority’s analysis of the question of harmless error,[3]
*917 As the majority notes, the trial court conceded in its order denying the motion for new trial that the evidence regarding the victim’s identification of his assailant was not properly admissible in evidence. Nevertheless, the trial court went on to deny the motion for new trial on a new theory that the challenged evidence could have been properly admitted at trial under the excited utterance exception to the hearsay rule. For the reasons I will explain below, I think that this latter ruling was erroneous.
At trial, -the State did not assert the excited utterance exception as a basis for the admission of the challenged testimony. Thus, the trial court did not conduct a hearing or make the required predicate findings before admitting the evidence. See § 90.105(1), Fla. Stat. (2013); Morrison v. State, 161 So.3d 564, 565 (Fla. 2d DCA 2014); Tucker v. State, 884 So.2d 168, 173 (Fla. 2d DCA 2004); Mariano v. State, 933 So.2d 111, 115-16 (Fla. 4th DCA 2006). Indeed, the testimony was not admitted as an excited utterance. The first mention of this alternative legal theory for the admission of the evidence was in the trial court’s order denying the motion for new trial.[4] Thus, Livingston never had an opportunity to address the admissibility of the evidence under the excited utterance exception to the hearsay rule in the context of the trial.
In the order denying Livingston’s motion for new trial, the trial court effectively applied a version of the “tipsy coachman” doctrine to its own evidentiary rulings at trial as a basis for denying the motion. My colleagues in the majority approve the trial court’s unique application of a right-for-the-wrong-reason analysis in the order denying a new trial as a basis for salvaging the trial court’s erroneous evidentiary rulings made during the trial. “[T]he ‘tipsy coachman’ doctrine ... permits a reviewing court to affirm a decision from a lower tribunal that reaches the right result for the wrong reasons so long as ‘there is any basis which would support the judgment in the record.’ ” State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363, 365 (Fla. 2002) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla. 1999)). But “the key to applying the tipsy coachman doctrine is that the record before the trial court must support the alternative theory or principle of law.” Id. (emphasis added) (citing Robertson v. State, 829 So.2d 901, 906 (Fla. 2002)).
In this case, the trial court’s reliance on the excited utterance exception in the order denying the motion for new trial was inappropriate because.the State never asserted that exception to the hearsay rule at trial as a basis for the admission of the challenged evidence. Thus, the trial court failed to conduct the necessary hearing or to make the required predicate findings before admitting the evidence. The majority asserts that “[h]ere, by ruling .that the evidence constituted an excited utterance, the trial court implicitly found that the State had laid the necessary foundation, and the record supports that implicit finding.” They then proceed to. summarize the evidence on this point, supplying the miss- *918 mg findings from their own reading of the record.
In my view, the majority’s fact-finding exercise on this’ subject is beyond the proper scope of this court’s review of Livingston’s judgment and sentence. Section 90.105(1) “imposes the responsibility of determining preliminary questions as to the admissibility of evidence upon the trial judge.” Saavedra v. State, 421 So.2d 725, 727 (Fla. 4th DCA 1982). This court’s function is not to make its own findings of fact regarding whether the' State has laid a predicate at trial for the admission of certain evidence. Nor may we reweigh the evidence. Instead, we are to review the record for the purpose of determining whether the findings of fact made by the trial court are supported" by competent evidence. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976); Fla. Detroit Diesel v. Nathai, 28 So.3d 182, 185 (Fla. 1st DCA 2010) (quoting Shaw, 334 So.2d at 16). Here, the trial court was never called upon at trial to make the critical findings of fact concerning whether the challenged evidence was admissible as an excited utterance, and there is nothing for this court to review. This court cannot cure the trial court’s omission to make the required predicate findings—as the majority has done—by culling the record and supplying the missing findings. ■
The trial court’s posttrial application of a right-for-the-wrong-reason analysis to its own ruling made during the course of the trial is inappropriate in this case because the State never asserted the excited utterance exception to the hearsay rule at trial as a basis for the admission of the challenged testimony. The State’s failure to make this argument at trial had two results critical to a correct analysis. First, the trial court failed to conduct the required hearing or to make the predicate findings before admitting the evidence. Second, Livingston never had an opportunity to be heard on the question of whether the evidence in question was properly admissible as an excited utterance. Thus, there is no basis in the record for approving the admission of the evidence as an excited utterance. It follows that a right-for-the-wrong-reason analysis cannot' be made, and the admission of the evidence constituted error. Cf. Robertson, 829 So.2d at 906-11 (an appellate court’s consideration of the propriety of using the “tipsy coachman” doctrine to affirm a trial court ruling); May v. HCA Health Servs. of Fla., Inc., 166 So.3d 850, 854 (Fla. 2d DCA 2015) (same); Fitzsimmons v. State, 935 So.2d 125, 128 (Fla. 2d DCA 2006) (same); State v. Lena, 819 So.2d 919, 921 (Fla. 3d DCA 2002) (same). For these reasons, I conclude that the excited utterance exception to the hearsay rule does not constitute a valid basis for the denial of Livingston’s motion for new trial or for the affirmance of the judgment and sentence.
In support of the trial court’s reliance on the excited utterance exception in the order denying Livingston’s motion for new trial, the majority quotes from Williams v. State, 967 So.2d 735, 750 (Fla. 2007), for the proposition that “the trial court was free to ‘base [its] evidentiary ruling on an alternate basis that was not suggested by the parties.’ ” This proposition from Williams is not contrary to the analysis that I make here. The supreme court made the quoted statement about an evi-dentiary ruling that the trial court' in that case made during the course of a trial, not—as in this case—in a posttrial ruling. The difference in the timing of the eviden-tiary ruling is critical. With regard to an evidentiary ruling made during the course of a trial, the parties, have an opportunity to present evidence on the preliminary questions pertinent to the admissibility of the evidence in question. Moreover, the parties have an opportunity to be heard and make appropriate submissions on the *919 admissibility of evidence on any alternate basis proposed by the trial court before the evidence is received. Neither of these opportunities are available where, as in this case, a trial court makes a posttrial evidentiary ruling on its own initiative on a basis not suggested by either of the parties.
In this case, unlike in Williams, the trial court' made its evidentiary ruling on an alternate basis not suggested by either of the parties after the trial when the procedural safeguards in play during the trial were not available to Livingston. It follows that the proposition stated in Williams does not support the trial court’s posttrial ruling denying Livingston’s motion for new trial.
Nevertheless, Livingston’s appellate counsel has not addressed the propriety of the trial court’s ruling on the excited utterance issue in the order denying the motion for new trial. Therefore, as the majority correctly observes, the point has ’been waived. See City of Miami v. Steckloff, 111 So.2d 446, 447-48 (Fla. 1959); Kenyon v. Kenyon, 496 So.2d 839, 840 (Fla. 2d DCA 1986); Anheuser-Busch Cos., Inc. v. Staples, 125 So.3d 309, 312 (Fla. 1st DCA 2013); Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). Indeed, both parties have either overlooked or intentionally ignored the trial court’s ruling on the excited utterance exception in the order denying the motion for new trial. It is surprising—to say the least—that the State did not argue the trial court’s ruling on the excited utterance issue in its answer brief as a basis for affirmance. My colleagues in the majority have developed this ground for affirmance independently.
I turn now to the question of harmless error. The facts of this case were simple— a strong-arm robbery followed by the prompt apprehension and arrest of a suspect. Notably, Livingston was apprehended within a few minutes of the commission of the offense, but he did not have in his possession any of the proceeds of the robbery upon his arrest. Thus the State did not have the benefit of the presumption of Livingston’s guilt of the robbery that would otherwise have arisen from his unexplained possession of the victim’s recently stolen property. Cf. T.S.R. v. State, 696 So.2d 766, 767 (Fla. 5th DCA 1992) (stating that the unexplained possession of recently stolen property is sufficient to support a conviction for theft). It follows that Livingston had a viable defense to the robbery charge based oh a claim of mistaken identification.
At trial, the State used the challenged identification testimony to bolster its case against Livingston. Indeed, this testimony became a feature of the trial. For example, the prosecutor asked Deputy Rosa, “And would you say [Livingston] matched that description [given by the victim] slightly or matched the description to a ‘T’ ”? Deputy Rosa responded, “It’s a spot on of a description as you’ll ever get in a career.” In closing argument, the prosecutor repeatedly emphasized the dose correspondence of the description given by the victim of his assailant to Livingston’s physical characteristics and clothing as proof of Livingston’s guilt. In light of these factors, I cannot conclude that there is no reasonable possibility that the error in admitting the challenged testimony contributed to Livingston’s convictions. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986).
Despite my conclusions about the evi-dentiary matters and the question of harmless error, the issue of using the excited utterance exception to deny Livingston a new trial has been waived. Therefore, I must join the majority in voting to *920 affirm Livingston’s judgment and sentence.

. On a separate point not addressed by the majority, I observe that Livingston's appellate *917 counsel has framed her argument on the admissibility of the evidence concerning the victim’s description of his assailant and another issue as a challenge to the trial court’s order denying Livingston’s motion for new trial. Although the matter seems to be well settled, it may be worth noting that a defendant in a criminal case may not appeal from an order denying a motion for new trial. The appeal is from the judgment and sentence. See Fla. R. App. P. 9.140(b); Griffith v. Stale, 171 So.2d 597, 598 (Fla. 3d DCA 1965); see also State v. Smith, 201 So.2d 828, 830 (Fla. 2d DCA 1967) (quoting Griffith with approval).

. The State did not file a response to Livingston’s motion for new trial. At the hearing on the motion, the State did not raise the excited utterance exception as a basis for denying the motion for new trial.